[No. 1570. Decided March 7, 1895.]

SAMUEL D. GUSTIN et al., Respondents, v. THOMAS JOSE et al., Appellants.

APPEAL — OBJECTION NOT RAISED BELOW — ERRONEOUS INSTRUCTIONS — HARMLESS ERROR.

An objection that a map introduced in evidence was incompetent by reason of extraneous matter upon its face, cannot be urged on appeal, when it was not raised in the lower court, the only objection there raised being as to the competency of the witness offering it in evidence to make the map.

Where it appears from the record in a case and the verdict of the jury that they have not been misled by erroneous instructions of the court, the error is harmless and is not ground for reversal.

*Appeal from Superior Court, King County.*

*C. W. Turner*, for appellants.

*John G. Barnes*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the respondents for damages for the unauthorized and unlawful cutting of timber by the appellants off land alleged to be the land of respondents. The latter recovered judgment for the sum of $1,748.42 from which judgment the appeal is taken to this court.

Under the pleadings in this case many of the exceptions taken seem to us to be taken entirely without warrant of law or reason. The proof of ownership of the land was ample and the testimony rightly admitted. The fact is that the only material issue in this case was the value of the property taken; the defendants admitting in their answer that they cut and removed from the land described in the complaint a certain amount of timber, but alleging that it was so cut and removed by them under a license from plaintiffs, and by an agreement betweent the plaintiffs and themselves that the defendants were to pay plaintiffs for said timber at a certain price, to wit, fifty cents per thousand feet. They also alleged a further agreement made after the cutting of the timber, that the price of the timber taken should be $784, to be paid in cedar logs; and that afterwards, pursuant to said agreement, defendants delivered to plaintiffs a certain number of logs reasonably worth $146.25, afterwards refusing to receive the remainder of the logs. The reply of the plaintiffs

denied the license or authorization of any kind, or that there was any contract as to value, or that they had ever agreed to, or had received any cedar or any logs in payment of their demand. So upon this issue the case went to trial.

There are, however, two exceptions which we think should be specially noticed. During the testimony of witness Guilfoil a certain plat of the land, from which it was alleged the timber was taken, was introduced by the plaintiffs, and its introduction was objected to by the defendants. It is claimed here in the argument of the case that this plat was objectionable from the fact that, in addition to the description of the land, the number of trees that were alleged to have been taken was marked on the plat, and also the computation of the number of feet cut by the defendants. This is the objection and all the objection that is raised in this court to the admission of this plat. The plat, we think, was evidently objectionable, and had it been admitted over the objections of the appellants for the reasons urged here, it would warrant a reversal of this case. But an investigation of the record shows that the objection to the admission of the plat was not to the plat itself, but to the competency of the person offering it to make the same. After the witness had testified that he had made a rough plat of the land described in the complaint, the plaintiffs then offered the plat in evidence, and the following colloquy ensued:

"Mr. Turner (appellants' attorney): Mr. Guilfoil, you say that you have been a contractor and logger for the past four and a half years? A. I have been a logger for the past four and a half years; previous to that time a railroad contractor.

"Q. Are you a civil engineer by profession? A. No, sir.

"Mr. Turner: I object to the introduction of this plat.

"Mr. Barnes: You say you made it? Witness: Yes, sir.

"Q. You made the survey yourself? A. Yes, sir.

"The Court: Objection overruled. The plat received in evidence."

So that it will be seen that the objectionable features in the plat were never called to the attention of the court. The court had no occasion to examine the plat at all, and did not do so so far as this record indicates, the only question being as to the competency of the witness to make the plat. And we think, notwithstanding the fact that the witness was not a civil engineer, he was perfectly competent, under his testimony, to make such a rough draft as is indicated by the plat offered. The map, it is true, indicates two subdivisions of land of forty acres each, but any one who could discover a surveyor's corner post could sketch this map with sufficient accuracy to meet the requirements of this case. The objection, therefore, that the map itself was incompetent by reason of the extraneous matter upon its face, not having been brought to the attention of the court, the appellants will not be.allowed to avail themselves of it here.

Objection is also raised to the instructions given by the court to the jury. The court instructed the jury with reference to the measure of damages as follows:

"You are instructed that in estimating the damages that plaintiffs have suffered by reason of the acts of the defendants, you should include in such estimate the value of the trees cr timber or shrubs, cut or injured or removed or destroyed, if any; that plaintiffs are entitled to have such damages as will make good the diminished value of their lands on account of the cutting, removing, injuring or destroying of the trees, timber or shrubs thereon.

"The measure of damages would be the value of the trees or timber standing upon the lands and the dimin-

ished value of the land, if any, by reason of their having been cut or removed or injured or destroyed. That if, by reason of the cutting or removal or injuring or destroying the trees, timber or shrubs on the land by the defendants, plaintiffs have suffered damage to their freehold and interest in the lands other than the market value of the trees standing upon the land, then you should render a verdict for plaintiffs equal to such damage in addition to such market value of the trees or timber."

It is urged by the appellants that there are two elements of damages implied in this charge, viz., the value of the timber cut and the injury done to the land by reason of the cutting, and that the former is comprehended in the latter, and that under the phraseology of this instruction the jury would be misled, and would give double damages. In the judgment of the writer of this opinion, this instruction was exactly right, and is borne out by the authorities; but the judgment of the majority of this court is to the effect that the court did not lay down the proper rule for the measurement of damages; but that the jury were not misled by the instruction, and that therefore there should not be a reversal on that ground, since it was error without prejudice.

Admitting the proposition so warmly contended for by the appellants, that where error appears in the instructions of the court a reversal must follow unless it affirmatively appears from the record that no prejudice followed the error, it seems to us that the whole record in this case, and especially the verdict of the jury, shows so conclusively that the jury did not take into consideration any injury to the freehold, but that their verdict was based entirely and exclusively on a computation of the value of the timber proven to have been removed from the land; that it would be working

an injustice to the respondents to reverse this case for the error of the court in wrongly instructing the jury on this proposition.

As we have before indicated, we find no merit in the other exceptions, and as all questions of fact, including alleged settlements and payments, were passed upon by the jury in favor of the respondents, the judgment will be affirmed.

ANDERS, GORDON and SCOTT, JJ., concur.

HOYT, C. J., dissents.