[No. 1673. Decided May 24, 1895.]

WASHINGTON BRICK, LIME AND MANUFACTURING COM-
PANY, Respondent v. D. N. ADLER et al., Defendants,
THE PULLMAN LODGE NO. 29, INDEPENDENT ORDER
OF ODD FELLOWS, Appellant.

EXCEPTIONS TO FINDINGS — REVIEW ON APPEAL.

Under Laws 1893, p. 111, where no exception is taken to the find-
ings of fact made by the court, and they will support the judgment
as rendered, such findings will not be reviewed on appeal, even if
objection had been made at the trial to the introduction of the evi-
dence upon which they are based.

*Appeal from Superior Court, Whitman County.*

*Thomas Neill* and *C. M. Stearns,* for appellant.

*Jones, Voorhees & Stephens,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action commenced by plaintiff to foreclose a material-man's lien for materials furnished by it to the contractors of a building alleged to belong to appellant. The respondent moves to dismiss the appeal for the reason, among other things, that appellant failed to make or file its exceptions to the findings of fact and conclusions of law made by the court. The findings of the court were as follows:

"First. That each of the defendants was regularly and duly personally served within Whitman county, Washington, and appeared herein.

"Second. That each and all the allegations contained in plaintiff's complaint are and is true.

"Third. That plaintiff paid for preparing, filing and recording claim of lien twenty-five dollars.

"Fourth. That there is due plaintiff from defendants, Adler & Sees, the sum of $560.20, and that the same is a lien on the premises described in the claim of lien and complaint, owned by the other defendant."

No exception was ever made or filed by appellant to said findings.

It was decided by this court, in Rice v. Stevens, 9 Wash. 298 (37 Pac. 440), that

"Where an action has been tried by a court without a jury, and findings of fact made by the court, the party aggrieved must except to the findings in order to raise any question thereon upon appeal."

It is conceded by the appellant that, under the decision in that case, the questions could not be reviewed here had it not been for the fact, as claimed, that an objection was made to the introduction of the lien notice, and that by reason of the court's overruling such objection, the alleged error of the court in admitting said notice of lien in evidence is before this court for review.

It plainly appears that, if the findings of the court were correct, the judgment should be sustained, for, as a proposition of law, the findings are sufficient to sustain the judgment. Section 1 of ch. 60, p. 111, of the Statutes of 1893, defines an exception. Section 2 provides the cases where an exception is not necessary, but these exceptions, by special provision of that section, do not apply to a decision of a court or judge upon a cause or part of a cause, either legal or equitable, tried without a jury. Section 3 provides for an exception to the report of a referee or commissioner, or to findings of fact or conclusions of law, in a report or decision of a referee or commissioner, or in a decision of a court or judge upon a cause or part of a cause, either legal or equitable, tried without a jury; and provides the manner of taking it, viz., by stating to the judge, referee or commissioner, when the report or decision is signed, that such party excepts to the same, or by filing written exceptions within five days after the filing of the report or decision, etc. . There is no indication in this section that the fact that objection has been made to the introduction of testimony or even exceptions taken to the rulings of the court upon the introduction of the testimony, will relieve from the necessity of making the exceptions to the findings of fact when such findings are made by the court. Section 7 of the same act provides that

"Alleged error in any order, ruling or decision to which it is provided in this act that no exception need be taken, or in any report, finding of fact, conclusion of law, charge, refusal to charge, or other ruling or decision which shall have been excepted to by any party as prescribed in this act, shall be reviewed by the supreme court, upon an appeal taken by the party against whom any such ruling or decision was made," etc.

The plain inference is that, unless such exception be taken in cases that do not fall within the provision that excuses the exception, the court shall not review such ruling or decision which has not been excepted to. The final decision of the court upon the material matters from which the appeal is taken is merged, so far as the testimony is concerned, in the findings of fact, and if these findings of fact will support the judgment and no exception has been taken to them, this court, under the statute above cited, is not authorized to review such findings.

There being nothing in this case outside of the findings of the court below, the motion will be sustained and the appeal dismissed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.