[No. 2527. Decided April 6, 1897.]

## J. J. SCHLOTFELDT et al., *Respondents*, v. WALTER A. BULL et al., *Appellants.*

REVIEW ON APPEAL — REFUSAL TO ADMIT TESTIMONY — EXCEPTIONS

Where an appeal is from an error of the court in refusing to admit testimony and such refusal is duly excepted to at the time, it is not necessary for the appellant, in order to procure a review of such error, to except also to the findings of fact. *(Rice v. Stevens,* 9 Wash. 298, distinguished).

Appeal from Superior Court, Kittitas County.—Hon. CARROLL B. GRAVES, Judge.

Motion by respondents to strike the statement of facts from the records. Motion denied.

*H. J. Snively,* for appellants.
*Frank H. Rudkin,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The respondents move the court to strike from the records and from the files of the court the state-

ment of facts heretofore settled and certified, for the reason that no exceptions were taken or made to the findings of fact and conclusions of law made and filed in said cause. This motion is based on the announcement of this court made in *Rice v. Stevens*, 9 Wash. 298 (37 Pac. 440); *Washington Brick, etc., Co. v. Adler*, 12 Wash. 24 (40 Pac. 383), and many following cases of substantially the same import. But, while we have decided in the cases cited, that we would not review facts which had not been duly excepted to by an exception to the finding of facts, we think this case can be distinguished. The appellants' cause of complaint in this case is that the court rejected certain testimony which they sought to offer. The ruling of the court on the introduction of such testimony was excepted to, and we think that was sufficient, and a different case is presented from one where the facts are contested, or where testimony is admitted by the court and objected to by the appellant. So far as the facts which were found by the court are concerned, they were true and were properly found under the testimony which was admitted, and it would not have been consistent for the appellants to have objected to the findings of fact under the testimony admitted by the court. We think, therefore, that where the appeal is from an error of the court in refusing to admit testimony, and such refusal is duly excepted to at the time, it is not incumbent upon the appellant to again except to the findings of fact.

The motion will be denied.

SCOTT, C. J., and REAVIS, ANDERS and GORDON, JJ., concur.