[No. 5402.   Decided March 22, 1905.]

## J. E. LILLY, *Respondent,* v. OLUF EKLUND *et al., Appellants.*[1]

APPEAL AND ERROR—EXCEPTIONS—SUFFICIENCY.  A general exception to all the findings of fact is insufficient unless it appears that each and all are erroneous.

SAME—STRIKING STATEMENT—REVIEW OF ERROR IN EXCLUDING EVIDENCE.  Failure to except to the findings of fact in an equity case, while a valid objection to the consideration of the facts, is not ground for striking the statement, where error is assigned on the action of the trial court in excluding evidence that might have changed the character of the findings.

APPEAL—NONSUIT—WAIVER OF ERROR BY PROCEEDING WITH EQUITY TRIAL.  In an equity case, the defendant, by proceeding with the trial, waives error in the overruling of a motion for a nonsuit or dismissal at the close of plaintiff's case.

EVIDENCE—ACTION TO QUIET TITLE—JUDGMENT—RES ADJUDICATA AS TO INDEBTEDNESS OF DEFENDANT.  In an action to quiet title to lands sold under a judgment against the defendants, evidence that the defendants were not indebted, at the time the judgment was entered, is inadmissible, where it appears that the judgment was duly entered after personal service, since the judgment was *res adjudicata.*

APPEAL—EVIDENCE—HARMLESS ERROR.   It is not prejudicial error to exclude evidence in rebuttal, where the fact offered in evidence is admitted by counsel in open court.

1Reported in 79 Pac. 1107.

SAME. Where the findings in an equity case are not excepted to, error cannot be predicated on the exclusion of evidence that would not have made any material change in the findings of the court.

Appeal from a judgment of the superior court for Kitsap county, Denney, J., entered May 4, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, quieting the title to real estate. Affirmed.

*Revelle & Revelle,* for appellants.

*Charles A. Riddle,* for respondent.

Root, J.—This was an action to quiet title, and resulted in a decree in favor of the respondent. The trial court made and filed separate findings of fact and conclusions of law. The only exception shown to have been taken to the findings is found in a minute in the clerk's docket, as follows:

"Plaintiff, by his attorney, C. A. Riddle, now files findings of fact and conclusions of law and decree herein, to which defendants Oluf Eklund and Pauline Eklund, his wife, by their attorneys, Revelle & Revelle, except, and request thirty days from May 4, 1904, in which to file statement of facts. Allowed by the court."

This court has repeatedly held that exceptions taken in this manner are insufficient under the statute, and that they will not be considered except when it appears that each and all of the findings are erroneous. It is not contended that all are so in this case. Respondent, in his brief, objects to the consideration of the statement of facts filed herein, and moves to strike said statement and affirm the judgment, for the reason that appellants have not made or taken any proper or sufficient legal exceptions to the findings of fact, and that there is no basis for an appeal. Appellants urge that, inasmuch as findings are not required to be made and filed in equity cases, the taking of excep-

tions thereto when made is unnecessary. It is true that the statute does not require findings to be made or filed in equity proceedings; but where findings are made by the trial court this court has held that exceptions must be taken to them and taken in a proper manner. See *Peters v. Lewis,* 33 Wash. 617, 74 Pac. 815, and cases therein cited. Frequently where exceptions were not properly taken to the findings, this court, upon motion, has stricken the statement of facts. However, in the case of *Hannegan v. Roth,* 12 Wash. 65, 40 Pac. 636, the court declined to strike the statement of facts, but held that the motion should be regarded as an objection to the consideration of the facts embodied in the statement. The case of *Schlotfeldt v. Bull,* 17 Wash. 7, 48 Pac. 343, announced the rule that, where exceptions were not properly taken to the findings of fact, this court would not strike the statement of facts, when it appeared that some of the errors relied upon on the appeal were based upon the action of the lower court in excluding evidence. We think this rule is the correct one. Findings of fact, regarded with reference to the evidence admitted and existing in the case, might be perfectly proper and right, whereas the evidence excluded might, if admitted and considered, have changed the character of such findings. Consequently a litigant, by not excepting to findings which are right so far as the evidence admitted is concerned, is not and should not be thereby estopped from having this court review the action of the trial judge in excluding evidence offered by him. The motion to strike the statement of facts will be denied; but the objections to its consideration will be sustained as to everything therein contained, excepting those portions that have to do solely with the action of the court in excluding evidence offered by appellants.

Appellants also urge that they are entitled to have this court review the action of the trial court in denying their

motion for a nonsuit, made at the close of plaintiff's case. Strictly speaking, a nonsuit has no place in an equity proceeding; but, treating the motion therefor as a motion to dismiss, we are not authorized to review the trial court's action in denying said motion. Former decisions of this court are adverse to appellants' contention. See, *Cattell v. Fergusson,* 3 Wash. 541, 28 Pac. 750, and *Scoland v. Scoland,* 4 Wash. 118, 29 Pac. 930.

Being unable to consider the question of the nonsuit, we are left to examine solely those rulings where appellants tendered evidence which the trial court excluded. One instance of this was where appellants offered to prove that they were not indebted to the Columbia & Puget Sound Railway Company, at the time they were sued by said company—the judgment in said suit being the one upon which the property involved in this case was subsequently sold, and through which proceeding respondent claims title. If this evidence had been admitted, it could not have changed the result. There are findings (not excepted to) that the action just mentioned was commenced by the filing of a complaint and service of summons and complaint upon both of appellants personally; that they defaulted; that trial was had, verdict rendered, and judgment duly entered against appellants; that, upon said judgment, execution issued and the property in question sold to Edgar Whipple and Amelia Whipple; that the sale was duly confirmed; and that appropriate proceedings were thereafter had by which the title was passed from the Whipples to respondent. Hence, it will be seen that the question of whether or not appellants owed the railway company anything at the time of the commencement of that action must be treated as *res adjudicata.* As the evidence, if admitted, could avail nothing, appellants are not prejudiced by its absence.

Appellants also excepted to the action of the court in ex-

cruding their evidence offered in rebuttal of the deposition of a witness named Stone. It appears that, when this evidence was tendered, it was objected to as bearing upon a subject which had been covered by appellants in their case in chief. However, the attorneys on the other side, in open court, admitted that these witnesses, whose evidence was offered to deny certain matters, would so deny them, and we cannot see that appellants were in any way prejudiced. It is also contended that the evidence of witnesses Johnson, Eklund, and Williams, as to the nearest way to log off the land in question should not have been excluded. Neither the materiality nor importance of this tendered evidence is apparent; and, if material, we are unable to see wherein it could in any manner have changed the findings which the court made. In fact, we are unable to see how any of the evidence excluded could, if admitted, have made any material change in the findings of the court as made and filed. This being true, the exclusion of such evidence did not prejudice appellants' rights. The only question remaining is as to whether or not these findings and conclusions thereupon justify and sustain the decree which was rendered. This does not seem to be seriously questioned. The findings clearly justify the decree.

The judgment and decree of the trial court is affirmed.

MOUNT, C. J., DUNBAR, CROW, and RUDKIN, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.