[No. 5529. Decided September 13, 1905.]

CARRIE L. BRINGGOLD, *Respondent,* v. OTTO BRINGGOLD, *Appellant.*[1]

40 121<br>40 264

APPEAL—STATEMENT OF FACTS—NOT PROPERLY INDEXED—GROUND FOR STRIKING. Failure to index a voluminous record is ground for imposing terms or striking the statement.

SAME—GENERAL EXCEPTION TO FINDINGS—SUFFICIENCY One general exception to findings of fact is insufficient to secure a review of the evidence, nor is the case aided by a colloquy between the court and counsel as to the findings that should be made, when no definite exceptions appear in the record.

SAME—EFFECT OF FAILURE TO EXCEPT TO FINDINGS. Upon failure to except to findings of fact, the statement of facts will be retained for the sole purpose of reviewing the action of the court in excluding evidence offered by appellant.

WITNESSES — IMPEACHMENT — GENERAL REPUTATION — LIMITED KNOWLEDGE OF IMPEACHING WITNESSES—QUESTIONS AS TO SPECIFIC CONDUCT—EXCLUSION. A witness cannot be impeached where the acquaintance was so limited that the general reputation could not have been known, or by testimony relating only to specific conduct.

APPEAL—REVIEW—EXCLUSION OF EVIDENCE—HARMLESS ERROR. In a case tried before the court without a jury, it is harmless to exclude evidence to impeach a witness, where the court states that it attaches no weight to the evidence of such witness.

[1] Reported in 82 Pac. 179.

Appeal from a judgment of the superior court for Spokane county, Honorable A. G. Kellam, Judge *pro tempore,* entered June 30, 1904, upon findings in favor of the plaintiff after a trial on the merits before the court without a jury, granting a divorce. Affirmed.

*Peacock & Wells,* for appellant.

*A. H. Kenyon,* for respondent.

Hadley, J.—This is an action for divorce, in which the wife is plaintiff. A decree of divorce was entered in her favor, and a disposition of property was made. Defendant has appealed. Respondent has moved to strike the statement of facts upon the ground that it is not indexed in accordance with rule 3 of this court. The statement contains one thousand three hundred and sixty-one pages of typewritten matter. A number of witnesses were examined and some were frequently recalled, but there is no index showing who testified, or upon what ones of the numerous pages the testimony of any single witness may be found. For such an omission to comply with a well-known rule, in a case containing such a large amount of testimony, we believe the court would be justified in imposing terms, or in even refusing to consider the statement altogether. But, in view of the record and of the disposition that must be made of the case, we shall pass over that ground of the motion. The condition of the record is such that it relieves us of a laborious search through the entire mass of testimony, and for that reason alone we pass over this subject.

Respondent also moves to strike the statement of facts for the reason that no exceptions were taken to the findings of facts or conclusions of law. We find no written exceptions in the record, except the following memorandum which appears at the close of appellant's proposed findings of facts and conclusions of law:

"The above findings of fact except so far as they are duplicated in findings signed, refused. Conclusions of law

refused Defts. except & exception allowed. Dated June 29th, 1904. A. G. Kellam, Judge *pro tem.*"

Under repeated decisions of this court, the above is not sufficient, it being merely general, and specifying no particular finding that was either made or refused concerning which exception is taken.

Appellant's counsel refer to a certain colloquy between court and counsel, which is set forth in the statement of facts, from which they urge that it appears that they were excepting to the court's findings and to its refusal to find as proposed. The conversation was merely of a general character concerning what the court should find. Such a record is wholly insufficient as furnishing the definite exceptions required. There were no exceptions filed in writing at any time, and no definite ones appear by the record to have been stated to the trial court at the time the findings were signed, so as to be clearly understood by that court, or by this one, as required by Bal. Code, § 5052.

Under such circumstances, this court has in some instances stricken the statement of facts. In the recent case of *Lilly v. Eklund,* 37 Wash. 532, 79 Pac. 1107, it was, however, held that, for failure to except to the findings, the statement would not be actually stricken, but that it would be held and considered for the sole purpose of reviewing that portion of it which had to do with the action of the court in excluding evidence offered by appellants. Following the rule there adopted, we decline to strike the statement now before us, but shall consider it for said purpose only.

Appellant presents but two assignments of error concerning the exclusion of testimony offered by him. The first relates to the offered testimony of certain witnesses as bearing upon the character of a woman who had testified in the case, and whom appellant sought to impeach. The assignments in the brief refer to designated portions of the statement of facts, which we have examined. One witness interrogated stated that he merely knew the woman by sight,

and the other testified that she had known her but two weeks. It would seem that the testimony of witnesses with such limited knowledge concerning the general reputation for character of another witness could not have been of much value. Moreover, the questions did not call for knowledge of the general reputation, but for specific conduct supposedly within the knowledge of the witnesses. It was not error to sustain the objections to the questions.

The other assignment is to the effect that the court should have required respondent to produce a certain subpoena, together with the officer's return of service thereof, which subpoena the said female witness had testified was served upon her by an officer. It is appellant's theory that she was not served with the subpoena by an officer, and that a conversation between her and such officer, of which she testified, did not occur. The record shows that the court refused to go further into details concerning the character and testimony of said female witness, for the reason that it believed that it was already sufficiently advised. The court expressly stated that, whatever might be the effect of the testimony of said witness, it would make no difference so far as its action in the case was concerned. The remarks of the court indicated that it attached no weight to the testimony of said witness as against appellant, and that it was not so considered. The production of the excluded impeaching evidence would not, therefore, have strengthened appellant's position in the mind of the trial court and we are satisfied that it would not have changed the result in this court. It was therefore not prejudicial error to exclude the testimony under such circumstances.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, DUNBAR, and ROOT, JJ., concur.