[No. 5531. Decided September 28, 1905.]

ALMIRA L. SMITH et al., Respondents, v. CHARLES GLENN et al., Appellants.[1]

APPEAL AND ERROR—TRANSCRIPT—INDEX—SUFFICIENCY. A statement of facts will not be struck out for failure of the appellant to index the same where an index has been prepared by the clerk of the supreme court.

SAME—STATEMENT OF FACTS—ELIMINATION OF EVIDENCE IMMATERIAL TO ISSUES ON APPEAL. It is proper to eliminate from the statement of facts all evidence except such as is material to the issue triable in the supreme court.

SAME—REVIEW—NECESSITY OF EXCEPTIONS TO FINDINGS OF FACT—REVIEW OF ERRORS ON RECEPTION OF EVIDENCE. A general exception to findings of facts is insufficient to secure a review of the evidence, but the statement will be retained to review errors upon the admission of evidence.

[1]Reported in 82 Pac. 605.

SAME—EVIDENCE—HARMLESS ERROR NOT AFFECTING CONCEDED FIND-INGS. Upon a trial before the court without a jury it is harmless error to exclude testimony which was not susceptible of influencing the findings.

SAME—ERROR ON REFUSING NEW TRIAL—OBJECTIONS CONTROLLED BY CONCEDED FINDINGS. Where the exceptions to findings are in-sufficient, a ruling upon a motion for a new trial for insufficiency of the evidence must be controlled by the findings of fact.

VENDOR AND PURCHASER—RESCISSION BY VENDEE—GROUNDS FOR—FAILURE OF TITLE—BARGAIN FOR IMMEDIATE POSSESSION. Where a contract for the sale of a farm called for immediate delivery of possession of the premises in the month of August, which was desired by the vendees in order to make improvements and put in fall crops, there was a failure of consideration entitling the vendees to a rescis-sion, when it appears that the vendors had no title or right of possession, and did not acquire the same until November, after the vendees had commenced the action for a rescission.

Appeal from a judgment of the superior for Spokane county, Kennan, J., entered July 30, 1904, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to rescind a contract for the purchase of lands. Affirmed.

*Gallagher & Thayer,* for appellants.
*Barnes & Latimer,* for respondents.

Root, J.—Respondents instituted this action to rescind a contract for the purchase of certain farming lands from appellants, and to recover $500 paid on account of said con-tract. From a judgment in favor of respondents, this ap-peal is prosecuted. Appellants appear in this court by dif-ferent counsel than represented them in the trial court.

Respondents move to strike the statement of facts upon two grounds: (1) Because said statement is not indexed; (2) because said statement does not contain all of the evi-dence. The index to the statement has been prepared by the clerk of this court and attached at the request of appellants' attorneys. This disposes of the first objection. The certifi-cate of the trial judge recites that the statement of facts

includes all of the material evidence "except that there is omitted from said statement of facts all evidence which refers solely to the kind, quality, physical condition, fertility, productivity, salability, and value of the lands and premises mentioned in the pleadings in this cause." The evidence thus excluded had to do with an issue of fact upon which the the trial court found in favor of appellants. Said issue is in no manner involved in the case as it comes before us on appeal. Hence, it was not necessary to bring up said evidence. The practice of eliminating all evidence except such as is material to the issues triable in this court is to be commended. The motion to strike the statement is denied.

It is further maintained, however, by respondent that this court cannot consider said statement for the reason that no legal exceptions were reserved to the findings. The only exceptions taken appear at the end of the findings in the following language:

"To each of which findings proposed by the defendants and given by the court, duly excepted to on the part of the plaintiffs; and to each of the findings proposed by the plaintiffs and given by the court were duly excepted to by the defendants, and the exceptions of the parties aforesaid are hereby allowed."

Under numerous decisions of this court, these exceptions are insufficient. *Hannegan v. Roth,* 12 Wash. 65, 40 Pac. 636; *Peters v. Lewis,* 33 Wash. 617, 74 Pac. 815. It has, however, been the holding of the court, in cases of defective exceptions, or in the absence of any exceptions to the findings of fact, that it would examine any ruling of the trial court in excluding evidence where proper exception had been reserved to said ruling. *Schlotfeldt v. Bull,* 17 Wash. 6, 48 Pac. 343; *Lilly v. Eklund,* 37 Wash. 532, 79 Pac. 1107; *Bringgold v. Bringgold, ante* p. 121, 82 Pac. 179.

Error is assigned herein upon the action of the trial court in excluding certain evidence offered by appellants. Respondent Almira L. Smith, being upon the witness stand,

was asked, upon cross-examination by appellants' counsel, this question: "Did they offer to give you the privilege of going on there and putting in the crop?" and the following question: "I will ask if they did not offer to place you in possession of that piece of property?" Both questions were objected to, "for the reason that it is not shown that they had the right to give the privilege, and that it is a matter of defense." Said objection was sustained. This question was also asked: "Isn't it a fact that, when you purchased this piece of ground from these defendants, that you didn't do it upon the representations indicated in that last subdivision of paragraph five of that complaint?" This was objected to as improper in form, not tending to prove any issue, incompetent, irrelevant, and immaterial. The question referred to an allegation to the effect that appellants represented themselves as having, and being able to convey, good title. The objection was sustained by the court. In view of the undisputed evidence and facts in the case, and the unquestioned findings not susceptible of influence by the admission of said excluded testimony, we are unable to perceive how answers (either in the affirmative or negative) to these questions could have produced different findings, or wrought in any manner a contrary result. Hence appellants were not prejudiced by the court's action in excluding answers to said questions, even if erroneous, which we do not find it to have been.

The refusal of the court to grant appellants a new trial is assigned as error. It does not appear to be argued except inferentially. It is claimed that the judgment should be reversed:

"Because (a) no breach of the contract is shown, (b) because a covenant for quiet enjoyment is broken only by eviction, (c) respondents first violated the contract by not giving appellants opportunity to meet the objections to the title, (d) respondents had no right to demand title before offering to make final payment, or before September 23, 1903,

the date when such payment became due, (e) respondents received all they contracted for, i. e. the right to take possession which they refused."

In considering these contentions, we must be controlled by the unquestioned findings of fact, which are against appellants.

The contract was executed August 19, 1903. By its terms, appellants were to give respondents "full possession" that day. At that time appellants did not have title to the property, and are not shown by the findings to have had any legal right or authority to give respondents possession. The abstract also showed a flaw in the title of those from whom appellants expected to derive title. Respondents desired immediate possession, in order to build a house and make other improvements on the farm, and put in the fall crops. The title to said premises had not been acquired and perfected by appellants at the time this action was commenced, September 24, 1903, and not until November 6, 1903, did they secure said title. Having bargained for immediate legal and rightful possession, as a material element of the consideration, respondents, upon learning of appellants' inability to furnish such, were justified in treating the contract as broken. That appellants granted them permission to take possession, or offered them possession, was not, in itself, a compliance with the terms of the contract. If appellants did not have the right to give such possession, respondents would have been trespassers to have gone upon the premises. The findings show that appellants had no title, and fail to show any right in them to give respondents possession. It clearly appearing that immediate or early possession was of the essence of the contract, we think there was a failure of consideration justifying rescission.

So far as the motion for a new trial is based upon the statement of facts as a whole, we cannot consider it. So far as it is based upon the exclusion of evidence and upon

the unquestioned findings of fact, we find no error in the trial court's action. The only other question is as to the sufficiency of the findings of fact to sustain the judgment and decree. In the light of the admitted facts in the pleadings, we think the findings sustain the judgment and decree. The same is therefore affirmed.

MOUNT, C. J., DUNBAR, CROW, and HADLEY, JJ., concur. FULLERTON, J., took no part.