[No. 10497.   Department Two.   October 29, 1912.]

TONY BERENS, *Appellant*, v. GUY COX *et al., Respondents.*[1]

APPEAL—REVIEW—FINDINGS—EXCEPTIONS—NECESSITY.   Findings in an equity case, to be reviewed, must be excepted to; but failure to except is not ground for striking the statement of facts where the error assigned is in the rejection of evidence.

APPEAL—REVIEW—HARMLESS ERROR.   In an equity case, it is not reversible error to exclude evidence where the facts so far as material were shown by other evidence.

EVIDENCE—CROSS-EXAMINATION—ORDER OF PROOF.   Upon cross-examination, it is proper to exclude documentary evidence which was no part of the cross-examination, even if it were admissible at some other time.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 10, 1912, upon findings in favor of the defendants, in an action to set aside a sheriff's sale.   Affirmed.

*Frank S. Carroll*, for appellant.

*Frank D. Nash*, for respondents.

MORRIS, J.—This is a suit in equity, to set aside a sheriff's sale, and decree appellant to be the owner of certain real property.   At the conclusion of the hearing, relief was denied appellant, and in due time thereafter findings and decree were entered in favor of respondents, from which this appeal is taken.   The errors assigned are in the admission and rejection of evidence, the findings, and decree.

Appellant took no exceptions to the findings, and for this reason respondents move to strike the statement of facts.   In contesting this motion, appellant suggests that, inasmuch as findings are not required in equity cases, exceptions thereto are unnecessary.   It must be admitted that, under our practice, findings are not necessary in equity cases; but this

[1]Reported in 127 Pac. 189.

does not disturb the uniform rule that, where findings are made, exceptions must be taken to them in the proper manner to obtain a review of them in this court. It does not follow, however, that the statement of facts should be stricken because of such failure, when, as here, any part of the error relied upon is the rejection of evidence. It might be that the facts as found by the court are properly found under the evidence admitted, and there is no occasion to take exceptions to facts admittedly correct in the light of the evidence received; whereas evidence excluded by the court might, if admitted and considered, change the character of the findings. Hence, it has been held in *Schlotfeldt v. Bull,* 17 Wash. 6, 48 Pac. 343; *Lilly v. Eklund,* 37 Wash. 532, 79 Pac. 1107; *Bringgold v. Bringgold,* 40 Wash. 121, 82 Pac. 179; *Smith v. Glenn,* 40 Wash. 262, 82 Pac. 605; *Pederson v. Ullrich,* 50 Wash. 211, 96 Pac. 1044, that, even though exceptions were not properly taken to the findings, this court would refuse to strike the statement of facts when it appears that error is alleged in the exclusion of evidence.

The motion to strike the statement of facts will, therefore, be denied; but the objection to its consideration must be sustained, in the light of the failure to take exceptions to the findings, as to everything therein contained except those portions that have to do solely with the ruling of the court in rejecting evidence. This is the rule announced in the above cases, and it must be regarded as the settled rule of this court.

We have, therefore, reviewed these rulings as excepted to by appellant and now urged as error, and find no reversible error in them. In two instances in which exception is taken, we find the same facts sought to be shown appearing to the extent of their materiality in other parts of the record. In the other instance, the court properly excluded some documentary evidence which it was sought to introduce as part of the cross-examination of one of respondents' witnesses. The proffered evidence was no part of the cross-examination,

and its rejection by the court was proper. Whether it would have been proper to receive this evidence at some other time, we are not called upon to say, since it was not again offered.

Finding no reversible error in any ruling we are permitted to review, the judgment is affirmed.

Mount, C. J., Ellis, Main, and Fullerton, JJ., concur.