[No. 13323.   Department Two.   June 24, 1916.]

ANTON TRONSRUD et al., Respondents, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, Appellant.[1]

TRESPASS—UPON TREES—TREBLE DAMAGES. Under Rem. & Bal. Code, § 939, allowing treble damages for wilful or wanton trespass upon trees "without lawful authority," and single damages if the act is "casual or involuntary," treble damages cannot be recovered for injuring ornamental trees which defendants were authorized to trim beyond menace to defendant's wires, although the authority was exceeded.

TRESPASS—DAMAGES—MEASURE. The measure of damages for injuring ornamental trees is the diminished value of the land and not the diminished value of the trees.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 6, 1915, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for trespass. Modified.

*James B. Howe* and *Hugh A. Tait*, for appellant.

*James R. Gates*, for respondents.

[1]Reported in 158 Pac. 348.

BAUSMAN, J.—Plaintiffs, under Rem. & Bal. Code, § 939 (P. C. 81 § 1551), sought treble damages from defendant for seriously injuring ornamental trees which they had authorized him to trim merely beyond menace to defendant's electric wires. That section itself multiplies the recovery only when the mischief is done "without lawful authority," besides which the next imposes that, if the act be "casual or involuntary," the damages shall be but single. Now it is undisputed that there was permission given for this thing, and though the jury did find that as to cutting the tops no permission had been given, the right to do some lopping and trimming is clear. Defendant may indeed have gone further in plaintiffs' absence than it would have done in their presence, but it would be misusing this law to visit upon the mistaken a penalty intended for the wanton. The bad faith or degree of wilfulness necessary to set in motion the first section is made clear in *Bailey v. Hayden,* 65 Wash. 57, 117 Pac. 720; *Skamania Boom Co. v. Youmans,* 64 Wash. 94, 116 Pac. 645, and *Gardner v. Lovegren,* 27 Wash. 356, 67 Pac. 615. In this case plaintiffs should have been confined to compensation under the second.

Appellant complains also of the measure of damages allowed plaintiffs, the diminished value of the land instead of the diminished value of the trees. The former was correct. This statute in terms applies to lawns and gardens as well as forests. It grants compensation both for timber carried off from the one and for defacement suffered or ornament lost to the other. To confine plaintiffs in these cases to what it will cost to reproduce a shrub or tree manifestly will not do. 38 Cyc. 1131; *Park v. Northport Smelting & Refining Co.,* 47 Wash. 597, 92 Pac. 442. The case accordingly cannot be reversed for error in this respect.

In trebling the damages, however, error did occur. The judgment is hereby modified and reduced to the actual dam-

ages, $178.75.   Remanded accordingly with costs to appellant.

MORRIS, C. J., PARKER, MAIN, and HOLCOMB, JJ., concur.