[No. 14413.  Department One.  May 9, 1918.]

*In the Matter of the Estate of* MARTHA KING.
MARIE SCHRADER, *Appellant,* v. CHARLES S. BUFFUM, *as
Executor etc., Respondent.*[1]

APPEAL — REVIEW — FINDINGS OF FACT — NECESSITY.  Findings of
fact and conclusions of law are not necessary to sustain a judgment
in a proceeding to compel an executor to act upon a claim against
the estate, as the same is either of equitable cognizance or a special
proceeding of a mandatory nature.

EXECUTORS AND ADMINISTRATORS—CLAIMS—PRESENTATION—BURDEN
OF PROOF.  Upon an issue as to whether a claim had been duly pre-
sented to an executor, the burden of proof is upon the claimant.

SAME—CLAIMS—PRESENTATION—EVIDENCE—SUFFICIENCY.  A find-
ing that a claim was not presented to an executor is sustained, where
the story of plaintiff's presentation of the claim while walking on
the street to the executor's home, without exacting any receipt, is
flatly contradicted and without corroboration, while the executor's
testimony was corroborated in some respects, and plaintiff made
no inquiry as to the matter for three years, and not until sued by
the executor.

APPEAL—REVIEW—ASSIGNMENT OF ERROR.  The denial of a new
trial, asked merely to review the decision of the trial court on the
evidence already considered, furnishes no basis for the predication
of error.

Appeal from an order of the superior court for
Walla Walla county, Mills, J.; entered March 31, 1917,
dismissing proceedings in probate, after a hearing be-
fore the court.  Affirmed.

*Evans & Watson* and *Hartman, Nafe & Hartman,*
for appellant.

*Rader & Barker,* for respondent.

FULLERTON, J.—The appellant filed a petition in the
superior court of Walla Walla county in a probate pro-
ceeding asking for an order requiring the respondent,

[1]Reported in 172 Pac. 1167.

as executor of the estate of Martha King, deceased, to show cause why her claim against the estate named should not be acted upon and either allowed or rejected. Issue was taken by the executor upon the allegations of the petition and a hearing had, resulting in an order dismissing the proceeding. The petitioner appeals, assigning that the court erred in failing to make and file findings of fact and conclusions of law; that it erred in holding that the burden of proof was on the petitioner; that it erred in holding that the petitioner had not sustained her case by a preponderance of the evidence and in dismissing the proceeding; and that it erred in denying the petitioner's motion for a new trial.

We find no error in the failure of the court to make findings and conclusions. The action was not one to enforce or recover upon a claim which had been rejected by the executor, which might be triable as an action at law before a jury, but was a proceeding to compel action on a matter on which she contended no action had been taken by the executor. It was, therefore, either an action of equitable cognizance or a special proceeding mandatory in its nature, in neither of which are findings of fact or conclusions of law necessary to sustain the order or judgment entered.

The second objection is also without merit. The issue on which the case hinged was whether or not the petitioner had presented her claim to the executor, and clearly the burden of establishing a due presentation, when the fact was denied, was upon the petitioner. This burden was not changed by the form of the proceeding. It was a fact necessary to be established before any inquiry as to whether the claim had been acted upon could be entered into, and since the petitioner was bound to assert its due presentation, the burden was upon him to prove it. Merely because the petitioner assumed in her petition that the claim had been

regularly presented and did not directly allege the fact, the rule is not changed. The assumption was in itself an assertion, and, when the executor put the fact in issue, the burden still rested where it is rested by legal rules.

On the principal question, whether the claim was in fact presented, we can discover no reason for a reversal of the conclusion of the trial judge. The circumstances under which the claim is asserted to have been presented, as testified to by the only witness of the petitioner testifying directly upon the matter, are somewhat out of the ordinary. The claimant resides in the city of Seattle, while the executor resides in the city of Walla Walla, the place where the court in which the estate was in process of administration is held. The witness testified that the claim was prepared in the city of Seattle, and that he carried it from that city across the state to the city of Walla Walla and presented it to the executor in person, making the trip solely for that purpose. Yet he also testified that, notwithstanding this extreme caution, he handed the claim to the executor while walking on the streets of the city of Walla Walla going to the executor's home for lunch, not at the place where the published notice to creditors required claims against the estate to be presented; that no one else was present at the time; that he exacted no receipt for the claim, and made no request for notice of the executor's action upon it. It is in evidence, moreover, that no inquiry was made by the petitioner, or by any one on her behalf, until some three years after that time, and that her activity was then aroused by an action brought against her by the executor upon a promissory note she had executed to the decedent in her lifetime. On the other hand, the executor emphatically denies that the claim was presented to him at the place mentioned, or elsewhere. He tes-

tified that the witness claiming to have presented the claim was in Walla Walla at about the time mentioned and lunched with him at his home, but testified that they did not walk to the home, but rode there in an automobile. He also testified that the witness at the time accounted for his presence in Walla Walla in another manner; stated that he had business which had brought him to that side of the state and took advantage of his presence there to perform an errand at Walla Walla not connected with the estate. The executor is corroborated as to some of the details of his version of the visit by other witnesses, while the petitioner's witness is practically alone.

While the foregoing is but an outline of the evidence, it seems to us sufficient to sustain the conclusion of the primary judge of the facts. As we have often said, the trial judge has the advantage of having the witnesses before him and is thus in a much better position than are we, who must gather the facts from the typewritten record, to determine wherein lies the truth in conflicting testimony. Following our established rule in such cases, namely, that we will not reverse the conclusion of the trial judge on conflicting evidence unless we are able to find that the evidence preponderates against the conclusion, we have no warrant to interfere with the judgment before us.

The motion for a new trial set up no new matter. By it the petitioner but sought another review by the trial judge of the evidence then in the record and on which he had reached his original conclusion. Contrary to the intimation contained in the petitioner's brief, the record does not disclose that the judge declined to hear it for insufficient technical reasons. On the contrary, it appears that it was heard on its merits and was denied because the judge was not convinced that his original conclusion was wrong. The denial of

the motion, therefore, furnished no basis for the predication of error.

The judgment is affirmed.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.