[No. 15449.  Department One.  January 12, 1920.]

## AUSTIN READY et al., *Respondents,* v. D. J. McGILLIVRAY et al., *Appellants.*[1]

APPEAL (145)—PRESERVATION OF GROUNDS—EXCEPTIONS TO FIND-INGS—NECESSITY. Where the findings in a decree of foreclosure are not commingled with the decree proper and are separately stated and numbered, there can be no review of the evidence on appeal, when not excepted to, where no part of the error relied upon is the rejection of evidence; since Rem. & Bal. Code § 382, providing that exceptions are not necessary to rulings embodied in a written judg-ment, also provides that this section shall not apply to findings of fact in a decision of a court or judge tried without a jury, and Id., § 1736, precludes any review of the evidence in the absence of ex-ceptions to the findings.

SAME. Where findings are made in an equity case, although unessential, it is necessary that exceptions be taken in order to obtain a review of the evidence.

SAME (147)—EXCEPTIONS TO FINDINGS—EXCLUSION OF EVIDENCE. Error in the exclusion of evidence may be reviewed on appeal re-gardless of exceptions to the findings.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered January 3, 1919, upon findings in favor of the plaintiffs, in an action to quiet title, tried to the court.  Affirmed.

*F. A. McMaster,* for appellants.

*Cordiner & Cordiner,* for respondents.

PARKER, J.—The plaintiffs, Ready and wife, com-menced this action in the superior court for Grant county, seeking a decree quieting title in themselves, as against the claim of the defendants, McGillivray and wife, to certain lands in that county.  A trial upon the merits in that court resulted in findings and decree in favor of the plaintiffs as prayed for, from which the defendants have appealed to this court.

[1] Reported in 186 Pac. 902.

If we were called upon to review this record looking to the determination of the question of the correctness of the trial court's decree, upon the merits of the case, we think it would appear that our efforts in that behalf would be little else than an attempt to measure the credibility of the several witnesses whose conflicting testimony was given upon the trial for the respective parties to the action. Indeed, counsel for appellants concede that, in so far as the merits of the case is concerned, the questions here to be determined are only questions of fact. That, however, would be a long story, which, in view of the trial court's findings of fact and the want of exceptions thereto, need not be related here.

The findings of fact and the decree based thereon are embodied in a single writing, signed by the trial judge at the conclusion of the decree. This writing has the usual introductory recitals of findings and decrees, which introductory recitals conclude with the words, "the court finds the following facts." Then follows, in six separately numbered paragraphs, findings of fact in language so full, specific and certain that there could be no room for arguing that they would not be sufficient as findings of fact supporting the decree if they were embodied in a separate writing and signed by the trial judge as findings of fact. Immediately following these findings, embodied in an additional paragraph, is the decree based thereon, commencing with these words: "Now, therefore, by reason of the law and the premises aforesaid, it is hereby ordered, adjudged and decreed by the above entitled court that . . ." No exceptions of any nature were ever taken to these findings on behalf of the appellants.

Counsel for respondents now contend that the findings of the trial court, so made, are conclusive upon appellants and are not reviewable in this court, be-

cause they were not excepted to in the trial court. Counsel for appellants contend to the contrary, his principal argument being that, since the findings were embodied in a single writing with the decree, they are not findings of fact to which exceptions are necessary to be taken in order to challenge their correctness upon appeal in this court. In *Harbican v. Chamberlin,* 82 Wash. 556, 144 Pac. 717, Judge Ellis, reviewing this identical question, speaking for the court, said:

"The appellants claim that no exceptions were necessary because the findings were included in the decree. The findings, however, were not commingled with the recitals of the decree proper, but were separately stated and numbered. They were followed by the decree which was introduced by the words, 'Now, therefore, it is hereby ordered, adjudged and decreed.' They were evidently intended as the findings of fact upon which the decree was based. The case is thus distinguished from *McAllister v. McAllister,* 28 Wash. 613, 69 Pac. 119, and *Hagen v. Bolcom Mills,* 74 Wash. 462, 133 Pac. 1000, 134 Pac. 1051, in which, as the opinion in each case shows, no recitals which could properly be denominated findings of fact were either separately made or included in the decree. The statute provides:

" 'It shall not be necessary or proper to take or enter an exception to any ruling or decision mentioned in the last section which is embodied in a written judgment, order or journal entry in the cause. But this section shall not apply . . . to findings of fact or conclusions of law . . . in a decision of a court or judge upon a cause or part of a cause, either legal or equitable, tried without a jury. Rem. & Bal. Code, § 382 (P. C. 81 § 671).'

"This section, and § 1736 of Rem. & Bal. Code (P. C. 81 § 1225), clearly preclude any review of the evidence in the absence of exceptions to the findings, though included in the decree, where, as here, no part of the error relied upon is the rejection of evidence."

It is true this is an equity case in which it was not necessary for the trial court to make findings at all in

order to support its decree. *Clambey v. Copeland,* 52 Wash. 580, 100 Pac. 1031; *Wishkah Boom Co. v. Greenwood Timber Co.,* 100 Wash. 472, 171 Pac. 234; *In re King's Estate,* 102 Wash. 299, 172 Pac. 1167. We have repeatedly held that, where findings of fact are made in an equity case, exceptions must be taken to such findings in order to secure a review of the trial court's conclusions reached therein. *Hagen v. Bolcom Mills,* 74 Wash. 462, 133 Pac. 1000, 134 Pac. 1051. *Harbican v. Chamberlin,* above quoted from, was also an equity case.

Error is assigned upon the exclusion of certain evidence offered in behalf of appellants. No argument or citation of the portion of the record upon which this assignment is based is made in the brief of counsel. We feel warranted in disposing of this claim of error by simply saying that it is without merit. If this claim of error were well grounded, we could not ignore it because of the want of exceptions to the court's findings. We make this observation to the end that it be made clear that we do not want to be understood as receding from our holding in *Berens v. Cox,* 70 Wash. 627, 127 Pac. 189, wherein Judge Morris, speaking for the court, said:

"It might be that the facts found by the court are properly found under the evidence admitted, and there is no occasion to take exceptions to facts admittedly correct in the light of the evidence received; whereas evidence excluded by the court might, if admitted and considered, change the character of the findings. Hence, it has been held in *Schlotfeldt v. Bull,* 17 Wash. 6, 48 Pac. 343; *Lilly v. Eklund,* 37 Wash. 532, 79 Pac. 1107; *Bringgold v. Bringgold,* 40 Wash. 121, 82 Pac. 179; *Smith v. Glenn,* 40 Wash. 262, 82 Pac. 605; *Pederson v. Ullrich,* 50 Wash. 211, 96 Pac. 1044, that, even though exceptions were not properly taken to the findings, this court would refuse to strike the statement

of facts when it appears that error is alleged in the exclusion of evidence.''

We conclude that the judgment of the trial court must be affirmed. It is so ordered.

HOLCOMB, C. J., MITCHELL, MAIN, and MACKINTOSH, JJ., concur.