[No. 26019. Department One. April 13, 1936.]

PAUL E. BROWN, *Appellant*, v. NORA M. WOLFE *et al., Respondents.*[1]

[1]Reported in 56 P. (2d) 681.

*Dan. E. Hardin,* for appellant.

*McMullen & Snider,* for respondent McCoy.

MITCHELL, J.—O. D. Wolfe and Nora M. Wolfe were husband and wife, and for ten or twelve years prior to his death made their home on a farm in Clark county, during all of which time, and since, the farm has belonged to them or her. He engaged continuously in construction work as a contractor, in this state and Oregon. One Paul E. Brown, plaintiff, appellant herein, became an employee of O. D. Wolfe in construction work in 1921 and continued in that employment until the latter part of 1922, since which time until the trial of the present action he has been living in the Wolfe home on the farm. The latter part of the summer of 1931, O. D. Wolfe became ill and returned to his home on the farm, where he died October 31, 1931.

Ten days before his death, he and his wife executed and delivered to Paul E. Brown their promissory note in the sum of eight thousand dollars, payable on or before one year after date, and at the same time, to secure the payment of the note, made and delivered to him a mortgage on the farm.

Upon the death of O. D. Wolfe, his will was duly admitted to probate, and the widow, Nora M. Wolfe, was appointed and qualified as executrix. She gave due notice to creditors, and within the time limited by the notice and by law, Paul E. Brown, in May, 1932, served upon her and filed with the clerk of the court his duly verified claim against the estate

". . . for the total sum of $21,954.85, claiming said estate to be indebted to him in the sum of $5,570 on account of wages from January 1, 1923, to December 31, 1929, at $60 per month and $16,384.85 on ac-

count of rental of horses from January 1, 1923, to September 23, 1931, at the rate of $35 per team per month; that said mortgage of $8,000 was credited upon said claim by plaintiff, he contending the allowance of such credit upon said claim by him to be the consideration flowing to the Wolfes for the execution of said note and mortgage." (Finding of Fact No. IX.)

At the date of the trial of this action, three years after the serving and filing of the plaintiff's claim, it appears that the executrix has neither approved nor rejected the claim.

On December 16, 1933, Paul E. Brown commenced this action against Nora M. Wolfe, individually and as executrix, on the eight thousand dollar note and mortgage.

One Austin B. McCoy, a creditor with an approved claim in a large amount, upon leave being granted, filed in the action an answer and cross-complaint on behalf of himself and all other creditors of the estate, alleging that the estate was insolvent, that the claim of the plaintiff was fraudulent, and that the note and mortgage were without consideration and void, and prayed that the same be so declared.

Nora M. Wolfe, individually and as executrix, appeared in the action by answer. Upon settling the issues between all the parties, the case was tried, with the result of the making and entry of findings of fact and conclusions of law in all respects against the plaintiff.

Plaintiff has appealed from the judgment that his claim as a creditor is fraudulent and disallowed; that the note and mortgage were given without consideration and do not constitute a valid claim against the estate; and that the mortgage, with the recording of it in the county auditor's office, is invalid and ineffective.

The assignments are that the court erred (1) in denying the appellant's motion for a nonsuit at the

close of the intervener's evidence, and (2) entering judgment cancelling the mortgage and setting aside appellant's claim against the estate.

As to the first: After the denial of the motion for a nonsuit, the appellant continued in the trial of the case, introducing evidence, examining and cross-examining witnesses until the conclusion of all the evidence. This was a non-jury case, and, on appeal, it is tried *de novo* upon the whole record. This assignment is without merit.

As to the second assignment, the arguments on behalf of the appellant are (1) that the judgment is contrary to the rule in this state that an individual, although insolvent or in failing circumstances, may pay or secure one or more creditors to the exclusion of others equally meritorious, even if, by doing so, he exhausts the whole of his property, *Vietor v. Glover,* 17 Wash. 37, 48 Pac. 788, 40 L. R. A. 297, so long as he does so in good faith, *McAvoy v. Jennings,* 44 Wash. 79, 87 Pac. 53; and (2) that the presumption against fraud in appellant's favor was not overcome by clear and convincing evidence.

The trial court found, however, not only that Wolfe and his wife were insolvent at the time the note and mortgage were given, and that the estate being administered was insolvent, but it was also found that

". . . O. D. Wolfe was not, and his estate is not now, indebted to plaintiff for any amount whatsoever for wages or horse rentals,"

and that the

". . . note and mortgage were executed and given at a time when O. D. Wolfe was in failing health and insolvent, and were in fraud of the creditors of the Wolfes, and were given without any consideration whatever therefor."

We cannot readily set out the large amount of testimony in the case, nor is it necessary. An examination of it clearly and convincingly sustains the finding of the lack of consideration for the instruments and the claim in question. For one to undertake, in the form and manner of a note and mortgage and of a creditor's claim, all without consideration, to interfere with the rights of creditors or any other person, as the court found the facts to be in this case, constitutes the direct opposite of good faith, and is contrary to all presumption against fraud.

Judgment affirmed.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.

