[No. 31886. Department Two. July 31, 1952.]

C. M. JONES, *Respondent and Cross-appellant,* v. S. C. BARD, *Appellant.*[1]

[1]Reported in 246 P. (2d) 831.

*Law & Law,* for appellant.

*Mark M. Litchman,* for respondent and cross-appellant.

HAMLEY, J.—C. M. Jones brought this action, pursuant to RCW 64.12.030 (Rem. Rev. Stat., § 939), to recover treble damages for the unauthorized removal of timber from his premises.

Jones is the owner of the easterly twenty-nine acres of the southeast quarter of the southwest quarter of section 19, township 23 north, range 3, east W. M., on Vashon Island, in King county. The forty-acre tract adjoining on the east is owned by Otto Jacobson. Defendant S. C. Bard had both of these tracts and other adjacent lands cruised for the purpose of offering to buy the standing timber. His cruise of Jacobson's property showed twenty-one old-growth Douglas firs, totaling fifty thousand feet gross. In the summer of 1949, Bard offered Jacobson five hundred dollars for this timber, it being understood that for this price Bard could remove all first-growth trees (except certain marked ones), even though the total exceeded fifty thousand feet.

Bard's cruise of the Jones property showed nineteen old-growth Douglas firs, having a total of fifty-five thousand feet gross, and eleven red cedars, having a total of four thousand feet gross. Bard attempted to purchase this timber from Jones, who was living in Idaho. However, Bard apparently had the wrong address, and his attempts to contact Jones were unsuccessful.

Bard then employed loggers to remove the timber from Jacobson's land. It is Jones' contention that these loggers trespassed upon his twenty-nine-acre tract and cut and removed eleven old-growth Douglas firs and one red cedar. In this action he sought damages in the sum of nine thousand dollars, consisting of two thousand dollars for removal of timber, one thousand dollars for damage to property, and the trebling of both of these items.

It is Bard's position that Jones misapprehends the location of the north-south boundary line between the Jones and Jacobson tracts. Bard contends that the trees in question were actually upon Jacobson's tract, and that they were included within the five-hundred-dollar lump sum price Bard paid to Jacobson.

The trial court found that Bard trespassed upon plaintiff's land and, without authority, cut, felled, and removed first-growth trees; that such trespass was not willful; that the cutting, felling and removal of the trees damaged plaintiff in the sum of $1,008; and that no damage of any consequence was done to the soil. Judgment was accordingly entered for plaintiff in the sum of $1,008. Defendant appeals and plaintiff cross-appeals.

We will first consider the assignments of error which, if meritorious, would call for reversal with directions to enter judgment of dismissal.

Appellant's first assignment of error and a portion of his seventh assignment of error challenge the sufficiency of the evidence to support the judgment. This is, in effect, an attack upon the findings of fact. Appellant, however, has not pointed out, by number and description, the findings of fact upon which he predicates error. We must

therefore accept the findings of fact as the "established facts in the case." Rule on Appeal 43, 34A Wn. (2d) 47, as amended; *Lopeman v. Gee, ante* p. 586, 245 P. (2d) 183.

■ The second assignment of error relates to the failure of the trial court to grant appellant's motion for dismissal when plaintiff rested. After the motion was denied, appellant elected to continue with the trial, and produced evidence in his own behalf. Where the appellant has made such an election, he cannot predicate error upon the denial of a motion for nonsuit or dismissal. *Brown v. Wolfe,* 185 Wash. 641, 56 P. (2d) 681; *Blair v. McKinnon, ante* p. 492, 244 P. (2d) 250.

Several of the assignments of error would, if meritorious, require a new trial. The one of these which we·will first consider is appellant's seventh assignment of error: "That the findings of fact are too vague and not supported by the preponderance of the evidence." The latter part of this assignment, relating to the sufficiency of the evidence to support the findings, has already been discussed. We will regard the statement that the "findings of fact are too vague" as raising the further question of whether the findings of fact support the judgment.

■ In arguing this assignment, appellant confines himself to the contention that the findings as to damages are inadequate, no question being raised as to the adequacy of the findings in other respects. We will similarly limit our consideration of this assignment. *Hawkins v. Casey,* 38 Wash. 625, 80 Pac. 792; *Union State Bank of Wapato v. Warner,* 140 Wash. 220, 248 Pac. 394.

In the course of the trial court's oral opinion, it was stated that appellant's trespass upon respondent's land was unintentional, and that there was no damage in the nature of general waste other than the removal of trees. The court stated that appellant had cut and removed eleven of respondent's trees. The court further stated that the amount of two thousand dollars alleged in the complaint as damages for the removing of the trees is less than the amount that the evidence shows should be paid for the timber.

The court, in its oral opinion, therefore concluded that the judgment should be for two thousand dollars.

Counsel for appellant then asked the court to indicate the basis on which it arrived at the figure of two thousand dollars. The court did not, in response, reveal the measure of damages or method of computation that had been employed. The court stated, however, that, while the evidence indicated damages of about five thousand dollars, respondent had asked for only two thousand dollars.

The findings of fact thereafter prepared and submitted to the trial court by counsel for respondent recited that Bard trespassed, but not willfully, upon Jones' property,

". . . cutting, felling and removing from said land first growth trees most of which were number one peelers to Plaintiff's damage in the sum of Two Thousand ($2,000.00) Dollars."

The proposed findings of fact also contained the statement that no damage of any consequence was done to the soil by Bard. The trial court, by interlineation, for which no explanation was given, struck out the words "most of which were number one peelers," and changed the figures to read "One Thousand and eight ($1008.00) Dollars."

Both parties contend here that there is no basis in the record for this figure of $1,008, as representing single damages. Appellant does not state what he believes the figure should be, but asserts that he is unable to argue the propriety of the basis the court used in arriving at the amount of damages, since no basis was revealed. Respondent argues, on his cross-appeal, that the figure for single damages should have been $1,130, and that this sum should be trebled.

We are not here concerned with the sufficiency of the evidence to support the finding as to damages, since, as before indicated, that question has not been properly presented for review here. The challenge to the sufficiency of the findings of fact to support the judgment does present, however, the legal question as to whether the trial court applied the correct measure of damages. The particular measure of damages to be applied in timber trespass cases has been dis-

cussed in such cases as *Gustin v. Jose,* 11 Wash. 348, 39 Pac. 687; *Bailey v. Hayden,* 65 Wash. 57, 117 Pac. 720; and *Tronsrud v. Puget Sound Traction, Light & Power Co.,* 91 Wash. 660, 158 Pac. 348.

■■ In our view, the findings of fact as to damages are inadequate for the purpose of reviewing that legal question. They are completely silent as to whether the figure arrived at represents stumpage value of the trees cut and removed, the decreased market value of the land, or some other measure of damages. This inadequacy in the findings left both parties without any basis for reviewing the judgment in regard to damages, and makes it impossible for us to test the correctness of the findings. It is therefore necessary to reverse and remand the cause for a new trial. *Kennedy v. Derrickson,* 5 Wash. 289, 31 Pac. 766.

Appellant asks for a new trial on .the additional ground that the trial court erred in admitting in evidence the testimony of E. W. Fenton. Fenton testified as an expert witness regarding a survey he made of the boundary line in question. Appellant contends that he was not competent to testify as an expert witness because he is not a registered land surveyor within the meaning of RCW 18.43.010 *et seq.* (Rem. Supp. 1947, § 8306-21 *et seq.*).

■ This assignment cannot be considered, however, because asserted errors in the *admission* of evidence will not be considered where, as here, the findings of fact are not properly challenged and must be taken as verities. *Washington Brick, Lime & Mfg. Co. v. Adler,* 12 Wash. 24, 40 Pac. 383; *Kitsap County Bank v. United States Fidelity & Guaranty Co.,* 90 Wash. 12, 155 Pac. 411. The reason for this is that, where the findings must be taken as true, all evidence *admitted,* whether properly or improperly, is merged in the court's findings of fact. *Washington Brick, Lime & Mfg. Co. v. Adler, supra.* This reason does not apply and the rule is therefore otherwise where the assignment of error relates to the *exclusion* of testimony. *Schlotfeldt v. Bull,* 17 Wash. 6, 48 Pac. 343; *Lilly v. Eklund,* 37 Wash. 532, 79 Pac. 1107; *Berens v. Cox,* 70 Wash. 627, 127 Pac. 189.

The judgment is reversed and the cause remanded, with directions to grant a new trial. Since neither party is at fault because of the inadequacy of the findings of fact on the matter of damages, neither party shall recover costs on this appeal.

SCHWELLENBACH, C. J., HILL, FINLEY, and OLSON, JJ., concur.

