[No. 7474. · Decided December 11, 1908.]

GEORGE C. DIETRICH, *Respondent,* v. HANS PEDERSON
et al., *Appellants.*[1]

APPEAL—REVIEW—EVIDENCE—EXCEPTIONS. In a trial before the court without a jury, an exception to the refusal to consider evidence, which was admitted "for what is was worth," is unavailing, as the evidence is before the supreme court for review.

SAME. Findings in an action at law made by a judge who saw the witnesses will not be disturbed when the supreme court is not convinced that they are against the weight of the evidence.

Appeal from a judgment of the superior court for King county, Honorable Daniel Kelleher, Judge *pro tem,* entered March 5, 1908, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action on contract. Affirmed.

*Robert H. Lindsay,* for appellants.

*Roberts & Hulbert,* for respondent.

DUNBAR, J.—This action was brought by respondent against the appellants for an alleged breach of a contract for the doing of certain plastering work by appellants for respondent, the appellants agreeing to have the work done by a certain time. It is alleged they failed to perform their contract, whereupon the respondent did the work and sued for the difference between the contract price and the cost of doing the work. The appellants answered, denying and affirming many things, but the substantial contention under the answer is that the contract sued upon had been mutually abandoned and abrogated, and that they were under no contractual obligation to the respondent. The court made findings of fact upon all material issues, and rendered the judgment complained of in favor of respondent.

[1]Reported in 98 Pac. 611.

The findings of fact were excepted to by the appellants, and are assigned as error. Only one assignment involving a legal question is presented, viz., that the court erred in refusing to consider appellants' testimony concerning an alleged oral agreement between the parties to the suit in reference to respondent's furnishing appellants the means to hoist their material, etc. Counsel for appellants cannot mean that the court refused to admit this testimony, for the record shows that such testimony was admitted by the court over the objection of counsel for respondent, the court remarking that it would be admitted for what it was worth; in fact, the court made a finding on that special subject. If it is meant that the court erred in refusing to consider the testimony which was admitted because he thought it tended to vary the terms of a written contract, this court has no way of determining that fact. In any event, it would not constitute error, for the testimony is here for our consideration.

With this exception, only questions of fact are presented, and without going into any unprofitable analysis of the conflicting testimony presented, we are not convinced by an examination of all the testimony that the weight of the evidence is against the findings of the court. In such case we will not disturb the findings made by the judge who saw the witnesses and heard them testify.

The judgment is affirmed.

Fullerton, Rudkin, and Mount, JJ., concur.

Chadwick, J., took no part.