[No. 8199. Department Two. November 4, 1909.]

JOE DEL NOTARO, *Respondent,* v. FLORA DOUGLAS, *Appellant.*[1]

APPEAL—REVIEW—FINDINGS. Findings in an equity case upon hopelessly conflicting evidence will not be disturbed on appeal.

TENANCY IN COMMON—PAYMENT OF TAXES—OFFSET. The value of the use of premises by a cotenant in possession may properly be offset against such tenant's claim for taxes paid.

QUIETING TITLE—DECREE—FORM—EFFECT. In an action to quiet title, in which both plaintiff and defendant claim full title to lands held by defendant, a decree quieting plaintiff's title to an undivided one-half interest has the effect to confirm defendant's title to the other half.

Appeal from a judgment of the superior court for King county, Morris, J., entered March 20, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Byers & Byers,* for appellant.

*Blaine, Tucker & Hyland,* for respondent.

MOUNT, J.—The respondent brought this action alleging, that he was the owner of certain real estate in the city of Seattle; that he furnished the money to the appellant to purchase the land, and title was taken in the name of the appellant; that afterwards the appellant executed and delivered a deed to him for an undivided one-half thereof, but

[1]Reported in 104 Pac. 774.

refused to deed to him the balance of the land, and prayed for a decree adjudging him to be the sole owner of the land, and that his title thereto be quieted against the claim of the appellant. The appellant, for answer to the complaint, denied the allegations thereof, and alleged that she had purchased the property with her own funds, and that the whole thereof belonged to her; that she had deeded an undivided one-half thereof to the respondent for a certain consideration which had failed, and prayed for a judgment quieting title in her against the claims of the respondent. Upon a trial of the case to the court without a jury, the court found that the respondent advanced certain sums of money to appellant for the purchase of the property and that, after the purchase · thereof by appellant, in pursuance of an understanding, appellant deeded an undivided one-half thereof to the respondent, and concluded that respondent is entitled to a decree quieting title as against the claims of appellant to an undivided one-half interest in said property, and entered a decree accordingly. The defendant has appealed from that decree.

The only questions presented in the case are questions of fact. It is argued that the court erred in not finding that the appellant purchased the property with her own funds and that the whole thereof belongs to her, and that in any event she should be reimbursed for one-half of the taxes and assessments paid by her against the property during the time she has been in possession thereof. We have carefully read all the evidence in the case and conclude that the decree ·rendered does substantial justice between the parties. The evidence upon the main questions in the case is in hopeless conflict. It is of such a character that we do not feel justified in disturbing the findings of the trial court thereon. It is true that the appellant has paid the taxes and certain assessments, but she has had the exclusive use of the property, and no evidence is offered as to the value of such use. But

the trial court was of the opinion that one offset the other, which is no doubt substantially correct.

Appellant complains because the trial court quieted title in respondent to an undivided one-half of the property, when no such order was made against respondent as to the other half. We think the effect of the decree was to quiet the record title in each of the parties as against the claims of the other.

The judgment will therefore be affirmed.

RUDKIN, C. J., PARKER, DUNBAR, and CROW, JJ., concur.