[No.  8777.  Department One.  July 22, 1910.]

Andrew Hackett, *Respondent*, v. George Scott *et al.*, *Appellants*, Carbon Hill Coal & Coke Company, *Defendant.*[1]

Witnesses — Impeaching Own Witness — Discretion of Court. Where a witness was proceeding under a misunderstanding, or counsel had been misled or deceived as to what the witness would testify to, it is proper to allow counsel to ask whether the witness had not made contradictory statements at other times or places, thereby leading or tending to impeach the witness; and in no case should it be held prejudicial unless the court clearly abused its discretion.

Appeal—Review—Harmless Error—Evidence. Error in the admission or rejection of evidence in a case tried to the court is harmless where it can be disregarded without affecting the result.

Appeal—Review—Findings. Findings upon flatly conflicting evidence, depending on the credibility of witnesses produced before the trial judge, should be sustained on appeal.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered May 29, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for the dissolution of a partnership and for an accounting.  Affirmed.

*Burcham & Blair*, for appellants.

*Nuzum & Nuzum* and *Graves, Kizer & Graves*, for respondent.

Chadwick, J.—This action was brought by respondent to recover an interest in a certain number of shares of stock in the Carbon Hill Coal & Coke Company.  It is alleged that, in the month of January, 1907, respondent and appellants caused certain coal claims to be located in the province of Alberta, Canada; that at the time of filing, it was agreed between them that the lands and the profits arising from their sale or transfer were to be owned or shared equally by the

[1]Reported in 109 Pac. 1030.

three parties; that the lands, after some preliminary manipulation, were taken over by the Carbon Hill Coal & Coke Company; that appellants, in fraud of the rights of respondent, have appropriated the whole of the stock issued on account of the locators, or rather the original parties who caused the locations to be made; that there has been no accounting, and that the stock so issued is now in pool in the office of the Carbon Hill Company. All of these allegations are denied by the appellants, who assert a sole ownership to the stock issued to them as owners of the land. The court found with the respondent upon all the disputed issues of fact, and from a decree in his favor, appellants have appealed.

One Mr. Appelquist, one of the organizers of the Carbon Hill Company, was sworn as a witness on behalf of respondent. Being interrogated as to a conversation held in his office in which he, appellant, and respondent Scott had engaged, and whether at that time Scott said "anything either negativing or agreeing that Hackett was in on those properties—did he say that he—was or wasn't in on it?" he replied, "No, he didn't explicitly state that at that time." He afterwards said, "In the February conversation? I don't remember whether Mr. Scott was present at that time." Whereupon counsel for appellants moved to strike his testimony as to what appellant had said in the office of the witness. The ruling of the court and the colloquy it induced follow:

"Mr. Graves: With the permission of the court I would like to ask this witness a question or two—I talked with this witness in my office. The Court: The court has no objection. Q. (by Mr. Graves) Now Mr. Appelquist, did you not tell me in my office that Mr. Scott and Mr. Hackett were present in your office at this conversation when Mr. Hackett said that he was interested and Mathewson and Scott were with him in these what are at present the Carbon Hill properties? Mr. Burcham: Object to the question because it is impeaching and contradicting his own witnesses, and above all that it is leading to the highest degree and in the most objectionable sense; the witness has stated positively and specifically on this point that he doesn't remember that Mr. Scott

was present.   The Court: Overruled.   Exception.   A. Yes,
I was in your office, Mr. Graves, the other day, and you sent
for me to come up—   Mr. Burcham: I move to strike all that
as immaterial and irrelevant.   The witness (continuing):
and the question was brought up in relation to Mr. Hackett
being present, and Mr. Scott, at our office during the month
of June or May, 1907—at that time the proposition was gone
into about the South Fork properties—and I believed from
the conversation that was carried on there that Mr. Hackett
and Mr. Scott were interested together in those properties.
Q.   Didn't you state to me distinctly that they were both
present when Mr. Hackett said he was interested and that
Scott agreed to that, or words in substance the same?—Of
course you didn't undertake to repeat the exact words he
said, but that was substantially what he said?   Mr. Burcham:
I renew the objection.   A. Well, substantially to that effect.
Mr. Burcham: I renew the objection.   The Court: Objection
overruled.   Exception.   Q. What is that?   A. Yes, I think
that that was the sum and substance of it.   Q. Well, that is a
fact, isn't it?   A. Yes.   Q. What you told me in the office?
A. Yes, that is as near as I can remember from both conversa-
tions."

This is assigned as error.   But we are unable to follow
counsel in his reasoning.   Aside from the fact that there were
apparently two conversations, one in February and another
in May or June, and that the witness was proceeding upon a
misunderstanding which counsel would have a perfect right
to correct, we do not understand that the rule invoked by ap-
pellant would go so far as to preclude a party from meeting
and correcting testimony when he has been misled or deceived,
or when, under a mistaken notion of what the' witness will
testify to, he has advanced him as a witness.   The object of all
trials should be to elicit the truth, and while the cross-ex-
amination or impeachment of one's own witness should be
extended only under the direction or permission of the court,
it should in no case be held to be prejudicial error unless it
is clear that the court has abused its discretion.   The rule is
laid down in 10 Ency. Plead. & Prac., 318.   See, also, Wig-
more, Evidence, 875-918, where the rationale of the law is

discussed with reference to the authorities. In *State Bank of Washington v. Spokane-Columbia River R. & Nav. Co.*, 53 Wash. 528, 102 Pac. 414, this court said:

"The better rule undoubtedly is, that a party who has been surprised at the unfavorable testimony of a witness·he has called in his own behalf, may ask such witness whether he has not made contradictory statements at other times and places, and if the witness denies it, show by other evidence that he has made such statements; and in this case it would have been proper to have permitted the witness to answer the questions to which objections were made."

Other errors going to the admission or rejection of evidence are assigned, but inasmuch as the case was tried by the court without a jury, and the errors complained of can be wholly disregarded without affecting the result of our judgment, we shall not discuss them. *Bringgold v. Bringgold*, 40 Wash. 121, 82 Pac. 179; *Smith v. Glenn*, 40 Wash. 262, 82 Pac. 605. With these exceptions, only questions of fact are discussed. The evidence is flatly contradictory. Each side insists upon the falsehood of the other, and makes generous offerings from the testimony to prove its premises. To analyze the conflicting testimony would be unprofitable, for an examination of the record convinces us that the trial judge, whose opportunity to measure the witnesses was greater than our own, did not err when he held at the conclusion of the trial, that "Mr. Hackett's story is one which appeals more to the reason of a person listening to it than that of either Mr. Scott or Mr. Mathewson." In such cases it has been the practice of this court to follow the trial judge. *Notaro v. Douglas*, 55 Wash. 493, 104 Pac. 774; *Springfield Shingle Co. v. Edgecomb Mill Co.*, 52 Wash. 620, 101 Pac. 233; *Cornelius v. Washington Steam Laundry*, 52 Wash. 272, 100 Pac. 727; *Dietrich v. Pederson*, 51 Wash. 191, 98 Pac. 611; *Duteau v. Barto*, 48 Wash. 207, 93 Pac. 220.

The judgment of the lower court is affirmed.

RUDKIN, C. J., FULLERTON, GOSE, and MORRIS, JJ., concur.