[No. 13739. Department Two. August 29, 1917.]

E. L. HARRISON, *Respondent*, v. WILLIAM SMITH *et al.*,
*Appellants*.[1]

APPEAL—REVIEW—FINDINGS. Where the testimony is in irreconcilable conflict, and the trial court heard and saw the witnesses and was in a better position to decide as to their credibility, its decision will be accorded great weight on appeal.

EVIDENCE—BURDEN OF PROOF—CREDIBILITY OF WITNESSES. Where the rule requires clear and convincing evidence, and the conflicting evidence is clear and unequivocal on each side, the credibility of the witnesses becomes the all important factor.

MORTGAGES—PAYMENT OF TAXES—SECURITY—VOLUNTEER. Where a mortgage gives the mortgagee the right to pay taxes and make the same a secured charge, he is not a volunteer in paying taxes before delinquency, and is entitled to have the same included in a judgment of foreclosure.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered March 4, 1916, in favor

[1]Reported in 167 Pac. 89.

of the plaintiff, in an action to foreclose a mortgage, tried to the court. Affirmed.

*E. E. Boner,* for appellants.

*A. Emerson Cross,* for respondent.

Ellis, C. J.—Action to foreclose a mortgage given by defendants to plaintiff to secure the payment of their promissory note for $450, with interest at eight per cent per annum from date until paid. The defense was a plea of payment.

The mortgage covers lots 1, 2, 5, 6, 7, 8, 9, 10 and 11, in block 4, Town of Westport Beach, Grays Harbor county. Both note and mortgage bear date September 10, 1909. On lots 8 and 9 is a cottage. The other lots are cleared and used, at least in part, as a garden. On February 14, 1910, defendants conveyed lots 1, 2, 5 and 6 to plaintiff. In the deed they covenanted that the lots were free from all incumbrances "except the mortgage now held by said party of the second part for which this deed is subject and the taxes now against said property." Defendants, in support of their plea of payment, assert that this deed was given in full satisfaction of the debt. Plaintiff, just as positively, asserts that the deed of the four lots was taken as a mere accommodation to defendants, who were deeply in debt and professed a fear that some of their creditors would attempt to seize the property, and that the title was held by plaintiff for the sole purpose of conveyance whenever and to whomsoever defendants might direct, but subject to the mortgage. Upon this issue of fact, the contest was mainly waged. The trial court made no written findings of fact, but entered a decree foreclosing the mortgage, giving plaintiff judgment for the amount of the note and accrued interest, and for taxes and insurance premiums paid by plaintiff, with interest and for costs, and ordering that all nine of the lots be sold to satisfy the judgment in default of payment. The decree contained an order that plaintiff, within ten days, deposit in court, for

delivery to defendants, a quitclaim deed of the four lots which had been conveyed to him. Defendants appeal.

The case is here for a trial *de novo*. We have, therefore, read the evidence and all of it with close attention. It presents an irreconcilable conflict of sworn statement even as to immaterial details. The evidence as to the attendant and collateral circumstances and as to the subsequent conduct and admissions of the parties is in as sharp conflict as is that touching what was said and done when the deed of the four lots was made. The few circumstances in evidence which in any wise tend to corroborate either version of the transaction can hardly be said to preponderate on either side. A detailed discussion of the evidence would be a profitless expenditure of time and a wanton waste of space. The case is one imperatively demanding the exercise of an intelligent judgment as to the credibility of witnesses, most of whom were manifestly partisans of one side or the other. The trial judge, who was obviously in a much better position to exercise such a judgment wisely and justly than are we, was evidently of the opinion that the credible evidence preponderated in favor of. respondent. The record gives us no warrant to say that he was wrong.

Appellants invoke the familiar principle that he who asserts that a writing is other than it purports to be must establish his claim by clear and convincing evidence, citing to the point *Kegley v. Skillman*, 68 Wash. 637, 123 Pac. 1081; *Johnson v. National Bank of Commerce*, 65 Wash. 261, 118 Pac. 21, L. R. A. 1916B 4, and other decisions of like character. The soundness of the rule will at once be conceded. But where, as here, the evidence on each side is clear and unequivocal, and the two sides are in direct antagonism, the factor of credibility of the witnesses becomes all important in determining which party's evidence carries conviction. Any practical application of the rule invoked to the typewritten record of such evidence emphasizes the expediency, not to say necessity, of according great weight to the judgment of the

trial court, who saw and heard the witnesses and had the advantage of the trial atmosphere. *Dyer v. Dyer,* 65 Wash. 535, 118 Pac. 634.

No question as to the admissibility of parol evidence to prove that the deed of the four lots to respondent was merely in trust to hold and convey, either on the ground that it tended to vary the terms of a written instrument or that such a trust was an express trust, was either raised in the court below or argued here. No such objection to the evidence was offered. Appellants contented themselves with meeting the parol evidence in kind. We mention this merely to limit our decision as a precedent to the question actually presented.

We deem it necessary to notice but one other point. Appellants contend that, because respondent paid the taxes on the four lots before they were delinquent, he was a mere volunteer, and hence the court erred in including the amounts so paid in the judgment. The mortgage, however, expressly gave the mortgagee the privilege of paying the taxes when due, if not then paid by the mortgagors, and made such payment a charge secured by the mortgage. He was not compelled to wait till the taxes were delinquent on pain of being treated as a volunteer.

The decree is affirmed.

MOUNT, HOLCOMB, FULLERTON, and PARKER, JJ., concur.