[No. 23164.   Department One.   August 5, 1931.]

AMERICAN FINANCE & COMMERCE COMPANY, *Respondent*, v. FRANK O. GORDON *et al., Appellants.*[1]

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellants.

*McMicken, Ramsey, Rupp & Schweppe,* for respondent.

MITCHELL, J.—This is an action to recover the balance due on a promissory note for ten thousand dollars and to foreclose a real estate mortgage given to secure the payment of the note.   There was a judgment for the plaintiff, from which the defendants, husband and wife, have appealed.

On and prior to April 26, 1927, the date of the note and mortgage in suit, W. F. Jahn & Co. of Seattle were indebted to the respondent, American Finance & Commerce Co., a corporation, in the sum of approximately forty-five thousand dollars for cement.   The account had been accumulating for some time and was overdue. The respondent was pressing Jahn & Co. for immediate payment.   Negotiations between the parties for an adjustment of the account continued over a period of several weeks, and resulted in an arrangement

[1]Reported in 1 P. (2d) 886.

which, in part, consisted of the giving to the respondent by Frank O. Gordon and his wife of the note and mortgage in suit. At that time, Frank O. Gordon was and for some twenty-one years had been in the employment of Jahn & Co. as a salesman, handling the particular kind of cement furnished by the respondent to Jahn & Co. The note was made payable two hundred dollars per month, beginning June 1, 1927, with interest at seven per cent per annum, payable quarterly, commencing September 1, 1927. Payments not being made as provided in the note, this action was commenced on May 27, 1929. The complaint on the note and mortgage is in the usual form.

In their answer, the appellants admit the signing and delivery of the note and mortgage, and defend on the ground that their signatures were procured by fraud, deceit and false representations on the part of respondent; and, further, that there was a failure of consideration for the note and mortgage. These defenses were set up affirmatively and with particularity, about as follows:

That for several years Frank O. Gordon had been and then was employed by Jahn & Co. as a salesman, and, as such, had sold great quantities of cement that had been furnished Jahn & Co. by the respondent; that, just before the note and mortgage were given, one Kirby, as agent and representative of the respondent, represented to Gordon that Jahn & Co. had sold and used a large quantity of cement supplied by the respondent on consignment that had not been accounted for, and that respondent intended to force Jahn & Co. into bankruptcy unless appellant gave the note and mortgage sought; that Kirby declared he had information concerning the holdings and obligations of appellants, and that, if they refused to give the note and mortgage, appellant Frank O. Gordon would lose his

present employment and be unable, because of his age, to obtain other employment needed to meet his financial obligations; that Kirby promised that, if appellants would sign the note and mortgage, the respondent would see that appellants would never have to pay the same, and that respondent would continue to furnish cement to Jahn & Co. so that appellant Frank O. Gordon could continue his work as salesman, and that, at the time, there was a cargo in shipment to Portland that would be diverted to Jahn & Co. in Seattle, the commissions on which, when sold by them, would go a long way towards paying off the note and mortgage, and that respondent would continue to supply Jahn & Co. with cement for future trade and business.

The answer further alleged that, relying solely upon such promises and representations, appellants executed and delivered the note and mortgage in suit; that respondent thereafter refused to deliver any cement to Jahn & Co.; that no demand for the payment of the note was made upon appellants, or either of them, prior to the commencement of this action; that respondent never had any intention to carry out the promises and agreements that were made to induce appellants to sign the note and mortgage, and made them knowing them to be false.

Further, and as a second affirmative defense, it was alleged that the note and mortgage were given solely in consideration of respondent's promise and agreement to furnish cement in the future to Jahn & Co.; and that the refusal of the respondent to do so constituted a failure of consideration.

The respondent replied, denying the allegations of the affirmative defenses set up in the answer.

The assignments of error are: (1) The giving of judgment to the respondent; (2) The refusing to dis-

miss the action and give judgment in favor of appellants.

Both assignments amount to the same thing; indeed, counsel in their argument say:

"The sole question to be decided in this case is the effect of the promise made by the respondent, through Kirby, that it would continue to furnish cement to Jahn & Co. for sale, as an inducement to get the Gordons to sign the note and mortgage."

Appellants claim that the promise was established by the evidence, and they refer to testimony tending to establish that view. The argument is then made, supported by ample authorities which they cite, that a promise to do or perform an act in the future, made for the purpose of inducing another to enter into a contract without any intention on the part of the promisor to fulfill the promise, constitutes fraud; and also the further proposition that the breach of such a promise constitutes a failure of consideration, and that therefore the judgment in this case is erroneous. As we understand, however, counsel for respondent do not contest those propositions, nor dispute the authorities cited in support of them; nor do we find anything in the record to indicate that the trial court held views to the contrary upon the law.

The real question in this case, in our opinion, upon a careful examination and consideration of the record, is not what would be the effect of a promise, such as that imputed to respondent, but, *was such a promise made.* That is a question of fact which, of course, must be determined upon a consideration of all the evidence, under the rule that, as to the affirmative defense of fraud and deceit, it must be established by the party charging it by evidence that is clear and convincing. The evidence in this case was conflicting, and it would be unprofitable to set it out.

Upon a careful consideration of all of it, we are entirely satisfied. that it is decidedly against the appellants as to both defenses, and in favor of the judgment appealed from. The trial court made no finding of fact, but the reasoning in the case of *Harrison v. Smith*, 98 Wash. 154, 167 Pac. 89, is applicable here. That action was to foreclose a mortgage, to which was interposed the legal defense of payment. The evidence in the case was conflicting, and this court, in affirming the judgment of the lower court holding against the defense of payment (which defense, of course, required only a preponderance of the evidence to support it), stated that, although the case was here for a trial *de novo,* the judgment appealed from should not be disturbed, because, although no findings were made,

"The trial judge, who was obviously in a much better position to exercise such a judgment wisely and justly than are we, was evidently of the opinion that the credible evidence preponderated in favor of respondent. The record gives us no warrant to say that he was wrong."

So in this case, the record gives us no warrant to say that the trial judge was wrong in holding that the affirmative defenses were not established. In our opinion, neither of the defenses was established by even a preponderance of the evidence.

Affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.