[No. 3939.   Decided May 7, 1902.]

INTER-STATE SAVINGS AND LOAN ASSOCIATION, *Respond-ent*, v. FRANK G. BENSON *et ux.*, *Appellants*.

APPEAL — BRIEFS — OMISSION OF FINDINGS AND EXCEPTIONS — EFFECT.

When the appellant has failed to comply with supreme court rule 8, which requires the findings of fact, with the exceptions thereto, to be printed in his brief, and has failed to correct the omission or offer sufficient excuse therefor, the court will not examine the evidence to learn whether it supports the findings.

SAME — ASSIGNMENT OF ERROR — REVIEW.

Where the appellant merely assigns as error the ruling of the court in sustaining a demurrer, but fails to suggest any reason why the ruling is erroneous, the assignment will be disregarded by the supreme court.

Appeal from Superior Court, Snohomish County.—
Hon. FRANK T. REID, Judge. Affirmed.

*Black & Edwards,* for appellants.

*Shank & Smith,* for respondent.

PER CURIAM.—The respondent sued to foreclose a
mortgage. The appellants answered, putting in issue the
allegations of the complaint and pleading two certain
affirmative defenses. To one of these affirmative defenses
a demurrer was sustained, and to the other a reply was
filed putting it in issue. A trial was had on the merits,
resulting in a judgment for the respondent, from which
this appeal is taken. The errors assigned go to the ruling
of the court sustaining the demurrer, to the admission
and rejection of certain evidence, and to the sufficiency
of the evidence to justify the findings of fact. The ap-
pellants have not printed in their brief the findings of
fact, with their exceptions thereto; nor did they correct,
or offer to correct, the omission after their attention had
been called thereto by the answering brief. Rule 8 of
this court requires such findings and exceptions to be
so printed when any question is sought to be raised thereon
by the appeal, and it is meant, of course, that it be done
in the opening brief. Where this omission has occurred
through inadvertence, and the defect has been supplied,
the court has always considered the cause as if the mat-
ter appeared regularly, but it cannot overlook a total
failure to comply with the rule. *Lewis v. McDougall,*
19 Wash. 388 (53 Pac. 664). The rule has a purpose.
To have the findings and exceptions printed not only
adds to the convenience of the court in considering a
cause, but is necessary in order that it may keep up with
the business that comes before it. When, therefore, the

findings and exceptions are not printed, and no excuse for, or offer to correct, the omission, is made, the court will not look into the evidence to ascertain whether it supports the findings, nor into the findings farther than to see whether they are sufficient to support the judgment; and on this last point no question is made in the case before us.

The remaining objection, viz., did the court err in sustaining the demurrer to the affirmative defense? is properly raised. But here, again, the appellants have contented themselves with merely assigning the ruling as error. No reason why it is so is suggested—that part of the brief devoted to the argument of the errors assigned does not even mention it. Certainly when the appellant is so far negligent of his cause as to fail even to suggest a reason for overturning a ruling of the trial court, he cannot expect the appellate tribunal to be more diligent.

The judgment appealed from will stand affirmed.