[No. 5289. Decided May 1, 1905.]

EDWARD K. HAWKINS, *Appellant,* v. JOHN T. CASEY *et al., Respondents.*[1]

APPEAL AND ERROR—REVIEW—BRIEFS—OBJECTIONS NOT ARGUED. Where many errors are assigned upon the rulings as to the evidence at the trial, but are not argued in the brief, further than to point out the pages of the record where the rulings can be found, they will not be considered on appeal.

SAME—INSTRUCTIONS NOT EXCEPTED TO. Objections to instructions not excepted to cannot be considered when urged for the first time on appeal.

SAME—REVIEW OF VERDICT. Where there is a substantial dispute in the evidence upon all the issuable facts, the verdict of a jury is conclusive on appeal.

Appeal from a judgment of the superior court for King county, Griffin, J., entered upon the verdict of a jury rendered in favor of the defendants upon a counterclaim on contract, in an action upon a promissory note. Affirmed.

*Frank T. Reid,* for appellant.

*Tucker & Hyland,* for respondents.

PER CURIAM.—The appellant brought this action against the respondents to recover the sum of $300 alleged to be due upon a promissory note. The respondents answered

[1] Reported in 80 Pac. 792.

admitting the execution and delivery of the note, but set up a counterclaim, in which they claimed that the appellant was indebted to them on a contract to locate him upon a timber claim, in the state of Washington, in the sum of $650, and asked that so much of the amount due them on this contract as was necessary to satisfy the note be set off against the amount due on the note, and that they have judgment for the balance. The answer was put in issue by a reply, and a trial had before a jury, which returned a verdict for the respondents in the sum of $350. Judgment was entered for this sum, and this appeal was taken therefrom.

The appellant assigns many errors on the rulings of the court in admitting and excluding evidence. He makes no pretense, however, of arguing these assignments, merely pointing out the pages of the record where the rulings can be found. In *Inter-State Sav. & Loan Ass'n v. Benson,* 28 Wash. 578, 68 Pac. 1038, we held that where an appellant was thus negligent of his cause we would not be diligent ourselves in hunting for reasons to overturn the trial court's judgment. The rule is applicable here. None of the errors assigned are patently erroneous, and we decline to enter on an independent investigation.

Objections are urged to instructions given the jury, and the failure to give instructions. But we do not find that any part of the court's charge was excepted to, nor that any instructions were requested which were not given. Objections of this character urged for the first time in this court cannot be considered.

The last objection is that the evidence is insufficient to justify the verdict. But on all of the issuable facts we think there was a substantial dispute in the evidence. In such a case the verdict of the jury is conclusive on this court. Affirmed.