[No. 8790.  Department Two.  June 4, 1910.]

**R. V. ANKENY, *Respondent,* v. YOUNG BROS., *Appellant.*[1]**

APPEAL—REVIEW—VERDICT.  Upon a direct conflict in the evidence of two witnesses, the question becomes one of fact for the jury, and its verdict cannot be set aside on appeal.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS.  Error in instructions cannot be urged where no exceptions appear in the record.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 10, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for goods sold and delivered.   Affirmed.

[1]Reported in 109 Pac. 109.

*McClure & McClure,* for appellant.

*Todd, Wilson & Thorgrimson,* for respondent.

MOUNT, J.—This is the second appeal in this case. The facts are stated fully in the opinion on the former appeal, *Ankeny v. Young Bros.,* 52 Wash. 235, 100 Pac. 736, and need not be restated here. After that decision, the case was retried to the court and a jury, and a verdict was rendered in favor of the plaintiff for the amount claimed in the complaint. From a judgment upon the verdict, the defendant has again appealed.

It is argued that the evidence is not sufficient to sustain the verdict for the amount claimed in the first cause of action, for the reason that the evidence fails to show that the coffee ordered was the coffee actually shipped. This argument is based largely upon certain exhibits and the explanations thereof made by Mr. Young, a witness in his own behalf. This evidence was contradicted by Mr. Falkinham, a witness for the respondent, who made the exhibits and also had charge of the coffee, and who testified directly that the identical coffee which was ordered was delivered on board the steamship. The question whether the coffee ordered was the coffee shipped was, therefore, a question for the jury, and it was determined in favor of the respondent.

Appellant also argues that the court erred in giving and refusing several instructions. The record fails to show that any exceptions were taken to the instructions given and refused. Error in that respect, therefore, cannot be urged upon this appeal. *Hawkins v. Casey,* 38 Wash. 625, 80 Pac. 792; *Dodds v. Gregson,* 35 Wash. 402, 77 Pac. 791. We may say, however, that we have examined the instructions given and refused, and are satisfied that there is no error therein, and that the same cover the law of the case as laid down upon the former appeal.

The judgment must therefore be affirmed.

RUDKIN, C. J., PARKER, DUNBAR, and CROW, JJ., concur.