[No. 64281-2-I.   Division One.   May 9, 2011.]

MARIO LaPLANT ET AL., *Respondents*, v. SNOHOMISH COUNTY ET AL., *Petitioners*.

*Mark K. Roe, Prosecuting Attorney*, and *Bridget E. Casey, Deputy*; and *Thomas L. Schwanz* (of *Wieck Schwanz*), for petitioners.

*Mark Leemon* (of *Leemon + Royer PLLC*), for respondents.

¶1 Leach, A.C.J. — On discretionary review, we must decide whether a negligent training and supervision claim should be dismissed when an employer, against whom vicarious liability is also alleged, admits that its employees' allegedly negligent conduct occurred within the scope of employment. We hold that the trial court should have dismissed Mario LaPlant's cause of action for negligent training and supervision against Snohomish County because under the facts of this case, this claim is superfluous. Accordingly, we reverse.

## FACTS

¶2 In June 2003, Snohomish County deputy sheriffs initiated and maintained the pursuit of a stolen vehicle

driven by Jonathan Evans. LaPlant and Crysta Pennamen were Evans's passengers. During the pursuit, Evans lost control of the vehicle and collided with a brick sign. He died. LaPlant and Pennamen suffered injuries.

¶3 LaPlant sued Snohomish County (County), alleging negligence based on a theory of vicarious liability: "Defendant Snohomish County, through its agents and employees, failed to use reasonable care in instituting and maintaining the pursuit that led to the death of Jonathan Evans and the injury to Mario LaPlant." Pennamen sued on an identical theory, and the trial court granted the parties' stipulated motion to consolidate the cases.

¶4 LaPlant filed a motion to amend his complaint to add a cause of action for negligent training and supervision, which Pennamen joined. The trial court granted the motion. LaPlant's amended complaint alleged that the County "failed to use reasonable care in training, supervising and monitoring" its deputy sheriffs in the conduct of automobile pursuits.[1]

¶5 The County then moved to dismiss LaPlant's claim for negligent training and supervision, arguing that the claim was redundant "when a Plaintiff has already alleged the liability of the County based upon the doctrine of *respondeat superior* and when the County has admitted its deputies were acting within the course and scope of their employment with the County." The trial court denied the County's motion to dismiss.

¶6 The County sought discretionary review in this court, contending, under RAP 2.3(b)(1), that the trial court committed an obvious error rendering further proceedings useless. A commissioner of our court granted review.

## ANALYSIS

¶7 The County argues that the trial court erred in failing to dismiss LaPlant's negligent training and super-

---

[1] Pennamen did not file an amended complaint.

vision claim. This is a question of law, which we review de novo.[2]

■ ¶8 Here, RCW 46.61.035(4) imposed upon the deputies a duty to "drive with due regard for the safety of all persons." This case therefore presents a factual dispute as to whether the deputies acted as a reasonably careful driver would.[3] The parties agree that the deputies were acting within the scope of their employment with the County when they initiated the pursuit that resulted in LaPlant's injuries.

■■ ¶9 An employer is vicariously liable for the negligent acts of its employees conducted within the scope or course of employment.[4] Even when an employee acts outside the scope of employment, however, an employer has a limited duty to control an employee for the protection of a third person.[5] This direct, independent duty can give rise to an action for negligent hiring, training, and supervision.[6]

■ ¶10 In Washington, a cause of action for negligent supervision requires a plaintiff to show that an employee acted *outside* the scope of his or her employment.[7] But when an employee commits negligence within the scope of

---

[2] *Mains Farm Homeowners Ass'n v. Worthington*, 121 Wn.2d 810, 813, 854 P.2d 1072 (1993).

[3] *See Brown v. Spokane County Fire Prot. Dist. No. 1*, 100 Wn.2d 188, 193, 668 P.2d 571 (1983).

[4] *Rahman v. State*, 170 Wn.2d 810, 815, 246 P.3d 182 (2011).

[5] RESTATEMENT (THIRD) OF AGENCY § 7.05(1) (2006) ("A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent."); *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 48, 929 P.2d 420 (1997).

[6] RESTATEMENT (THIRD) OF AGENCY § 7.05; *Niece*, 131 Wn.2d at 48 (Liability under negligent hiring, retention, and supervision theories is analytically distinct and separate from vicarious liability.).

[7] *Niece*, 131 Wn.2d at 48 ("Even where an employer is acting outside the scope of employment, the relationship between employer and employee gives rise to a limited duty, owed by an employer to foreseeable victims, to prevent the tasks, premises, or instrumentalities entrusted to an employee from endangering others. This duty gives rise to causes of action for negligent hiring, retention and supervision."); *Rodriguez v. Perez*, 99 Wn. App. 439, 451, 994 P.2d 874 (2000) ("If an employee conducts negligent acts outside the scope of employment, the employer

employment, a different theory of liability—vicarious liability—applies.[8] Under Washington law, therefore, a claim for negligent hiring, training, and supervision is generally improper when the employer concedes the employee's actions occurred within the course and scope of employment.

¶11 In *Gilliam v. Department of Social & Health Services*,[9] we explained this rationale. There, Gilliam's ex-wife reported to Child Protective Services that their two children said Gilliam molested them.[10] Eventually, Gilliam rebutted these allegations and reunited with his children.[11] He brought suit against the caseworker for her alleged negligence in handling his case and against the State for its alleged negligence in supervising the caseworker.[12] At the close of Gilliam's case, the trial court dismissed it.[13] On appeal, we reinstated the action against the caseworker but affirmed the dismissal of the negligent supervision claims against the State.[14]

> Here, the State acknowledged Morrow was acting within the scope of her employment, and that the State would be vicariously liable for her conduct. Under these circumstances a cause of action for negligent supervision is redundant. If Gilliam proves Morrow's liability, the State will also be liable. If Gilliam fails to prove Morrow's liability, the State cannot be liable even

---

may be liable for negligent supervision."); *Gilliam v. Dep't of Soc. & Health Servs.*, 89 Wn. App. 569, 584-85, 950 P.2d 20 (1998) ("When an employee causes injury by acts beyond the scope of employment, an employer may be liable for negligently supervising the employee."); *Briggs v. Nova Servs.*, 135 Wn. App. 955, 966-67, 147 P.3d 616 (2006) ("A negligent supervision claim requires showing: (1) an employee acted outside the scope of his or her employment; (2) the employee presented a risk of harm to other employees; (3) the employer knew, or should have known in the exercise of reasonable care, that the employee posed a risk to others; and (4) that the employer's failure to supervise was the proximate cause of injuries to other employees."), *aff'd*, 166 Wn.2d 794, 213 P.3d 910 (2009).

[8] *See Niece*, 131 Wn.2d at 48.

[9] 89 Wn. App. 569, 950 P.2d 20 (1998).

[10] *Gilliam*, 89 Wn. App. at 571.

[11] *Gilliam*, 89 Wn. App. at 575-76.

[12] *Gilliam*, 89 Wn. App. at 571, 576.

[13] *Gilliam*, 89 Wn. App. at 576.

[14] *Gilliam*, 89 Wn. App. at 584, 586.

if its supervision was negligent. We find no error in the trial court's dismissing the cause of action given the record before it.[15]

¶12 The rationale in *Gilliam* applies here because the County agreed that it would be vicariously liable for any negligence on the part of the deputies. Both causes of action rest upon a determination that the deputies were negligent and that this negligence was the proximate cause of LaPlant's injuries. If LaPlant establishes the underlying tort, the County automatically will be liable to the same extent as the deputies. If LaPlant fails to establish that the deputies acted negligently, the County cannot be liable, even if it was negligent in training and supervising them. As a result, LaPlant's claim for negligent supervision, under these facts, is not only improper because the County did not disclaim liability for the deputies' actions, it is also superfluous. The trial court should have granted the County's motion to dismiss.

¶13 In so holding, we note the County's agreement during oral argument that the deputies cannot defend against LaPlant's negligence claim by asserting that they simply complied with the County's pursuit policy. Rather, the jury will decide if the deputies acted with the due regard required by statute. Because the trial court has not determined whether the pursuit policy is relevant to the deputies' statutory duty, that issue is not before us.

¶14 LaPlant disagrees that "*respondeat superior liability* and independent liability for negligent training are somehow mutually exclusive," asserting, "This is of course not true. Undoubtedly many cases of employees acting negligently are caused by faulty training." But LaPlant fails to explain how, in the situation presented here, Snohomish County could be held vicariously liable for its employee's nonnegligent conduct. LaPlant relies on two cases, *Tubar v.*

---

[15] *Gilliam*, 89 Wn. App. at 585.

*Clift*[16] and *Joyce v. Department of Corrections*,[17] to advance his argument. Neither supports it.

¶15 In *Joyce*, an individual under community supervision stole a car, ran a red light, and collided with a vehicle operated by Joyce, killing her.[18] Joyce's family sued the Department of Corrections (DOC) for negligent community supervision and negligent supervision of employees.[19] On appeal, DOC asserted that the trial court erred by instructing the jury on negligent training, supervision, and hiring of an employee because it also instructed the jury that DOC would be responsible for the acts and omissions of its employees. Division Two of this court held that the error, if any, was harmless when, "[a]t the most, asserting claims of both vicarious liability and negligent supervision is redundant."[20] Because *Joyce* does not address the question before us, it does not aid LaPlant.

¶16 LaPlant also cites *Tubar*, an unpublished order from the United States District Court for the Western District of Washington. In *Tubar*, Kent Police Officer Jason Clift discovered a stolen vehicle in the parking lot of Tubar's apartment building and waited in the bushes for the driver to return. When she did, accompanied by Tubar, Clift announced his presence, which was ignored. As Tubar and the driver drove out of the parking lot and toward Clift, Clift fired three shots, injuring Tubar. Tubar brought a lawsuit against the city of Kent and Officer Clift, alleging a 42 U.S.C. section 1983 claim and state law claims for negligent hiring, training, supervision, and retention.[21]

---

[16] No. C05-1154-JCC, 2008 WL 5142932, 2008 U.S. Dist. LEXIS 101130 (W.D. Wash. Dec. 4, 2008).

[17] 116 Wn. App. 569, 75 P.3d 548 (2003), *rev'd on other grounds*, 155 Wn.2d 306, 119 P.3d 825 (2005).

[18] 155 Wn.2d at 309.

[19] *Joyce*, 116 Wn. App. at 585.

[20] *Joyce*, 116 Wn. App. at 599.

[21] *Tubar*, 2008 WL 5142932, at *3, 2008 U.S. Dist. LEXIS 101130, at *9.

¶17 The city argued that Washington case law precluded Tubar's state law claims, relying on *Gilliam*.[22] The court distinguished *Gilliam* on the basis that Tubar had not asserted a negligence claim against Clift individually:

> Here, there is no such redundancy because Plaintiff has not asserted a negligence claim against Officer Clift for which the City would be vicariously liable by admission. Instead, Plaintiff claims that the City itself is negligent for breaching its own standard of care with respect to the hiring, supervision, and training of Officer Clift.[23]

We distinguish *Tubar* from LaPlant's case for the same reason. As in *Gilliam*, LaPlant has asserted a negligence claim against the deputies for which the County would be vicariously liable. *Tubar* is inapposite.

¶18 Under the circumstances presented here, LaPlant's additional claim for negligent supervision is improper and superfluous; the trial court erred in failing to dismiss it.[24] We reverse and remand for further proceedings consistent with this opinion.

LAU and SPEARMAN, JJ., concur.

---

[22] *Tubar*, 2008 WL 5142932, at *7, 2008 U.S. Dist. LEXIS 101130, at *22-24.

[23] *Tubar*, 2008 WL 5142932, at *7, 2008 U.S. Dist. LEXIS 101130, at *24.

[24] The County also argues that "allowing [the] negligent training and supervision claims to go forward potentially allows for the admissibility of unfairly prejudicial bad act evidence that would not be admissible in proving the underlying claim of negligence." Because the trial court will dismiss the negligent supervision claim on remand, we do not consider the merits of this claim.