IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CLUB LEVEL, INC. and RYAN FILA, a single man, | ) ) ) | No. 32830-9-III |
| Appellant, | ) ) ) | |
| v. | ) ) | |
| | ) | UNPUBLISHED OPINION |
| CITY OF WENATCHEE, a municipal corporation, WENATCHEE POLICE DEPARTMENT, an agency of the City of Wenatchee, CHIEF TOM ROBBINS in his individual capacity as Chief of the Wenatchee Police Department, CAPTAIN KEVIN DRESKER in his individual capacity as a Captain of the Wenatchee Police Department, SERGEANT CHERI SMITH in her individual capacity as a Sergeant of the Wenatchee Police Department, and SERGEANT MARK HUSON in his individual capacity as a Sergeant of the Wenatchee Police Department, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondent. | ) ) ) | |

KORSMO, J. — Club Level and its owner, Ryan Fila, brought this action in the

Chelan County Superior Court against the City of Wenatchee and four of its police

officers concerning police investigations and treatment of the club. As other courts have

done in related filings by the plaintiffs against other defendants, the trial court granted summary judgment to these defendants. We affirm.

FACTS

The complaint, filed August 30, 2013, alleged seven causes of action: negligent supervision, defamation, false light, conspiracy, negligent infliction of emotional distress, outrage, and tortious interference with a business relationship. Most of the claims were based on actions of the police department in aggressively enforcing various laws, particularly those involving violations of state alcohol laws, against the club, its employees, and its patrons. The defendants also were accused of conspiring with Washington State Liquor Control Board (WSCLB) employees to drive the club out of business.

The defamation and false light claims had a different basis. Mr. Fila was friends with a Wenatchee Police Department (WPD) officer, Sergeant Stephyne Silvestre. WPD conducted a disciplinary investigation[1] of Sylvestre concerning an allegation that she had shared with Mr. Fila confidential information about a complaint to the police department against him. The woman who initiated the complaint described Mr. Fila in an interview as manipulative, having a temper, and accused him of attempting to scam her friend. A copy of this interview was included in Silvestre's disciplinary file and was among the

---

[1] As a result of the investigation, Silvestre was demoted.

2

materials obtained by the Wenatchee World newspaper pursuant to a public records request for the disciplinary file.

The Chelan County action was the third suit filed by the plaintiffs relating to these matters. In 2012, Club Level and Mr. Fila filed a complaint in the federal court for Eastern Washington against all of the same defendants who were named in the Chelan County action. The federal complaint was based on the same factual allegations as those at issue here. It included four constitutional claims brought under the authority of 42 U.S.C. § 1983 and several state law tort claims. The federal court in 2013 granted summary judgment on the federal law claims and then dismissed without prejudice the accompanying state law claims. The plaintiffs refiled the state claims shortly thereafter as the basis for the Chelan County suit.

Also in 2012, the plaintiffs sued the WSLCB, its directors, and several employees in the Thurston County Superior Court. Once again, the essence of many of the causes of action was aggressive enforcement of the liquor control laws by the WSLCB officers. Included among the allegations was a contention that the WSLCB employees engaged in a civil conspiracy with the WPD to drive the club out of business. The plaintiffs eventually withdrew many of the claims and the trial court ultimately resolved the final four allegations over the course of two summary judgment proceedings. With respect to the civil conspiracy allegation, the Thurston County Superior Court concluded that the

3

plaintiffs had produced no evidence to establish that the purpose of the alleged

conspiracy was to harm the plaintiffs' business. All of the counts were dismissed.

The plaintiffs appealed to Division Two of this court. By way of unpublished

opinion, that court affirmed the summary judgment dismissal of the Thurston County

action. *See Club Level, Inc. v. Wash. State Liquor Control Bd., et al.*, noted at 185 Wn.

App. 1016 (2014), *review denied*, 183 Wn.2d 1003 (2015). With respect to the

conspiracy allegation, Division Two agreed with the trial court that the plaintiffs failed to

produce any evidence establishing that the purpose of the civil conspiracy was to put the

plaintiffs out of business. *See Club Level*, slip op. at *12. The Washington Supreme

Court subsequently denied the plaintiffs' petition for review.

While the Thurston County ruling was on appeal, the Chelan County defendants

sought summary judgment in this case. The trial court granted the motion and the

plaintiffs timely appealed to this court. This court heard oral argument while the petition

for review of the Division Two case was still pending. After that petition was denied,

both counsel in this action promptly notified this court of that action.[2]

## ANALYSIS

Club Level and Mr. Fila challenge the dismissal of all but the outrage claim. We

address first the conspiracy allegation, before next addressing the negligent infliction of

---

[2] We commend both attorneys for their professionalism in providing the prompt notification.

emotional distress, tortious interference, and negligent supervision claims. Finally, we treat the defamation and false light claims together.

Before addressing the individual claims, it is appropriate to address the well settled standards that govern review of a summary judgment. This court reviews a summary judgment *de novo*, performing the same inquiry as the trial court. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). The facts, and all reasonable inferences to be drawn from them, are viewed in the light most favorable to the nonmoving party. *Id.* If there is no genuine issue of material fact, summary judgment will be granted if the moving party is entitled to judgment as a matter of law. *Id.*

The moving party bears the initial burden of establishing that it is entitled to judgment because there are no disputed issues of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If a defendant makes that initial showing, then the burden shifts to the plaintiff to establish there is a genuine issue for the trier-of-fact. *Id.* at 225-226. The plaintiff may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, it must put forth evidence showing the existence of a triable issue. *Id.*

*Civil Conspiracy*

The trial court dismissed this claim on the basis of collateral estoppel, reasoning

that the same conspiracy claim had failed in Thurston County on the same evidence. CP

at 1064. We agree.

The complaint alleged that WPD entered into a civil conspiracy with the WSLCB

for the purpose of forcing the closure of plaintiff's businesses. CP at 24. A civil

conspiracy requires proof that (1) two or more people entered into an agreement to

accomplish an unlawful purpose or use unlawful means to accomplish a proper purpose

and (2) they had an agreement to accomplish the object of the conspiracy. *Corbit v. J.I.*

*Case Co.*, 70 Wn.2d 522, 528-529, 424 P.2d 290 (1967). Citing this authority, the

Thurston County court determined that the plaintiffs had failed to establish any proof of

the second element. CP at 625-626.

In general, collateral estoppel precludes relitigation of the same issue in a

subsequent action involving the parties.[3] *Christensen v. Grant County Hosp. Dist. No. 1,*

152 Wn.2d 299, 306, 96 P.3d 957 (2004). In order to prevail on a claim of collateral

estoppel, the party seeking application of the doctrine bears the burden of showing that

---

[3] This is distinguished from the doctrine of *res judicata*, also known as claim preclusion, which applies to related lawsuits between parties. In general, *res judicata* prevents the litigation of claims which were or should have been brought in a previous final litigation between the same parties. *Hadley v. Cowan*, 60 Wn. App. 433, 440-441, 804 P.2d 1271 (1991). *See generally*, Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 WASH. L. REV. 805 (1985).

(1) the identical issue was decided, (2) there was a final judgment on the merits, (3) the party against whom the doctrine is asserted must have been a party (or in privity with a party) to the earlier proceeding, and (4) application of collateral estoppel will not work an injustice against the estopped party. *Id.* at 307. The estopped party must have had a "full and fair opportunity to litigate the issue in the earlier proceeding." *Id.*

Club Level initially argued that collateral estoppel could not be applied since the defendants in this action were not parties to the Thurston County action. It now concedes that Washington no longer requires mutuality of parties. Rather, the party against whom collateral estoppel is asserted is the only party who needed to be involved in the prior litigation. *State v. Mullin-Coston*, 152 Wn.2d 107, 113-114, 95 P.3d 321 (2004); *Christensen*, 152 Wn.2d at 307. Club Level instead argues that the evidence is different and that it would work an injustice to apply collateral estoppel against it.

The club has not identified what evidence is different in this proceeding. Its pleadings in the Chelan and Thurston matters are largely identical. Indeed, many of the Chelan County documents include text that appears to have been lifted from those filed in Thurston County. While the club understandably focuses on the behavior of the WPD actors instead of the WSLCB employees at issue in Thurston County, the fact remains that it has failed to identify any evidence that is different in this proceeding than what was before the Thurston County court. Most critically, it has not identified any evidence, new or old, concerning an improper purpose of the purported conspiracy. Law

7

enforcement officers agreeing to aggressively focus on law violators is neither unusual nor improper. The club's argument does not preclude application of collateral estoppel here.

Similarly, there is nothing unjust about applying collateral estoppel in this instance. The plaintiffs contend that the federal district court, Thurston County Superior Court, and Division Two of the Court of Appeals all erred in dismissing or affirming the dismissal of the other actions. Absent demonstration of actual error in dismissing this cause of action, there can be nothing unjust about applying the earlier decisions. This argument, too, fails.

The trial court correctly determined that the same issue—the existence of a conspiracy to put the plaintiffs out of business—was present in both state court proceedings. It did not err in giving preclusive effect to the Thurston County ruling. Collateral estoppel was properly applied to this claim.

*Negligent Infliction of Emotional Distress*

The trial court dismissed this cause of action because there was no evidence that Mr. Fila had experienced any emotional distress. CP at 1064. We again agree with the trial judge's assessment of the record.

Typically, a claim of negligent infliction of emotional distress involves a family member who views a "physically injured loved one shortly after a traumatic accident." *Colbert v. Moomba Sports, Inc.*, 163 Wn.2d 43, 49, 176 P.3d 497 (2008). Division Two

of this court has expressly stated that "officers owe no duty to use reasonable care to avoid inadvertent infliction of emotional distress on the subjects of criminal investigations." *Keates v. Vancouver*, 73 Wn. App. 257, 269, 869 P.2d 88 (1994). Compensation for emotional distress damages must come from some other tort theory. *Id.* The City relied primarily on *Keates* in its motion for summary judgment. The trial court, however, focused on the fact that there was no objective evidence of emotional distress. CP at 1064. This has long been a requirement for recovery under this tort. *Hunsley v. Giard*, 87 Wn.2d 424, 435, 553 P.2d 1096 (1976).

In his motion for reconsideration, Mr. Fila argued that the city had deposed his therapist and knew the objective evidence supporting his claim that he would present at trial. CP at 1078. However, Mr. Fila never presented any of that evidence to the trial court. In light of the trial judge's resolution of the issue at summary judgment and the fact that the city did not concede the point in its answer to the reconsideration request, Mr. Fila needed to present his objective evidence of emotional distress. There being none in the record, the trial court did not err.

This claim was properly dismissed in accordance with *Hunsley*.

*Tortious Interference*

The trial court dismissed this claim on the basis that the record lacked any evidence that the defendants knew about the contractual relationship between the

plaintiffs and their landlord. Again, the record does not support each element of the claim and the trial court properly dismissed this cause of action.

This tort requires proof of an intent to interfere with a private business relationship, not merely a showing that interference would be a foreseeable consequence of the defendants' actions. *Burke & Thomas, Inc. v. Masters*, 92 Wn.2d 762, 768-769, 600 P.2d 1282 (1979) (declining to apply this tort to a public union that had gone on strike since the purpose of the strike was to obtain negotiation concessions rather than injure private businesses). The elements of a claim of tortious interference with a business relationship that a party must establish are (1) the existence of a valid contractual relationship or business expectancy, (2) defendants had knowledge of that relationship or expectancy, (3) an intentional interference causing or inducing breach or termination of the relationship or expectancy, (4) defendants interfered for an improper purpose or used improper means, and (5) resultant damages. *Sintra, Inc. v. Seattle*, 119 Wn.2d 1, 27-28, 829 P.2d 765 (1992). The City contended in its motion that none of these elements were established, but the trial court focused solely on the second element in its ruling. CP at 1064. We, therefore, will do the same.

As applied to the facts of this case, the essence of this claim is a contention that, consistent with the conspiracy allegation, the officers interfered with the relationship between plaintiffs and their landlord for the improper purpose of forcing the plaintiffs out of business. Club Level contends that the police had knowledge of the landlord-tenant

relationship, but points to no evidence in the record supporting that view. Since the essence of this tort is intentional interference with a specific business relationship, knowledge of that relationship is understandably a critical element. Club Level did not present any proof on that point. The trial court correctly dismissed this cause of action.

*Negligent Supervision*

Club Level next contends that the city committed a tort by negligently supervising the four named police officer defendants in its employ. The trial court dismissed this count on the basis of collateral estoppel, citing to the ruling of Judge Shea in the Eastern District Court proceeding. Division Two's opinion also addressed this same tort, although in the context of the WSLCB employees, and rejected it on the basis of vicarious liability. We affirm the trial court on both of those rationales.

The essence of the tort of negligent supervision is the failure to prevent an employee, acting outside of the scope of employment, from using equipment or instrumentalities of employment to harm others. *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 48, 929 P.2d 420 (1997). The "outside the scope of employment" factor distinguishes this tort from other actions in which the employer is vicariously liable for the torts of an employee acting within the scope of employment. *Id.* Thus, when an employer concedes that the employee's actions are within the scope of employment, this tort does not apply because vicarious liability will apply. *LaPlant v. Snohomish County,*

No. 32830-9-III
*Club Level, Inc. et. al., v. City of Wenatchee, et al.*

162 Wn. App. 476, 479-480, 271 P.3d 254 (2011); *Gilliam v. D.S.H.S.*, 89 Wn. App. 569, 584-585, 950 P.2d 20 (1998).

The first problem in addressing this issue is that the appellants have not briefed or argued the trial court's application of collateral estoppel to this claim. On this basis alone, we could refuse to consider the challenge. *E.g., Hawkins v. Casey*, 38 Wash. 625, 626, 80 P. 792 (1905); *Donner v. Blue*, 187 Wn. App. 51, 65, 347 P.3d 881 (2015). But even if we review the claim, it appears that the trial court correctly applied collateral estoppel here. The federal court expressly found that each of the three constitutional claims put before it (due process, first amendment, and fourth amendment violation claims) failed for insufficient evidence.[4] CP at 609, 612, 614-615. The district court judge then also determined that qualified immunity applied to each of the constitutional claims. He summed up the evidence thusly:

> At best, Plaintiffs have demonstrated that officers issued lawful citations and acted within the statutory power given to them, which is a significant factor in showing that a reasonable officer would consider the action constitutional.

CP at 616. Stated another way, this is a finding that the officers were acting within the scope of their employment. The evidence presented in federal court did not show that the officers acted outside the scope of their employment and Club Level has not presented

---

[4] The fourth contention, an alleged equal protection violation, was withdrawn by the plaintiffs.

12

any new evidence in this proceeding. Thus, the trial court correctly applied collateral estoppel to this claim.

Instead of addressing the trial court's rationale, the appellants have simply attempted to argue that this cause of action does apply to the facts of this case. They made the same argument in their appeal from the Thurston County ruling. There, Division Two concluded that this claim was not established with respect to the WSLCB. *Club Level*, slip op. at *11. Although that analysis dealt with different actors and cannot be the basis for applying collateral estoppel in this case, we do agree with that reading of the evidence. As with the actions of the WSLCB employees, the claims made against the WPD defendants all related to actions taken by them in the scope of their employment. WPD would have been vicariously liable for those actions, if proven. It therefore cannot be separately liable for a failure to supervise tortious behavior outside the scope of employment. *LaPlant*, 162 Wn. App. at 480; *Gilliam*, 89 Wn. App. at 584-585. No such behavior was established by the evidence.

The trial court correctly determined that the federal court had found the actions within the scope of employment and thus properly applied collateral estoppel to this claim. As with the related claim made in the Thurston County appeal, the evidence never established any tortious behavior outside the scope of employment that could possibly have made the employer liable for failure to supervise. For both reasons, this claim was correctly dismissed.

13

*Defamation and False Light Claims*

The remaining claims of defamation and false light were resolved together by the trial court on the basis that there was no evidence that defendants made any false statements and no evidence that Mr. Fila stated under oath that the statements in the police report were false. CP at 1064. We likewise treat these two claims as one and again agree with the trial court.

"When a defendant in a defamation action moves for summary judgment, the plaintiff has the burden of establishing a prima facie case on all four elements of defamation: falsity, an unprivileged communication, fault, and damages." *LaMon v. Butler*, 112 Wn.2d 193, 197, 770 P.2d 1027 (1989). This must consist of specific, material facts, rather than mere conclusory statements. *Id.* (*citing Herron v. Tribune Publ'g Co.*, 108 Wn.2d 162, 170, 736 P.2d 249 (1987)).

Here, the trial court dismissed the defamation claim because Mr. Fila failed to present any evidence of falsity. Our search of the record reveals no such evidence, nor does Mr. Fila on appeal point to any such evidence in the record. Because he has not established a prima facie case of defamation, the trial court properly dismissed his claim on summary judgment.

The false light claim suffers from a similar infirmity. A false light claim arises when a person publishes statements that place another in a false light if (1) the false light would be highly offensive and (2) the publisher knew of or recklessly disregarded the

14

No. 32830-9-III
*Club Level, Inc. et. al., v. City of Wenatchee, et al.*

falsity of the publication and the subsequent false light it would place the other in. *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466, 470-471, 722 P.2d 1295 (1986). "So, like defamation, false light claims require a showing of falsity and knowledge of, or reckless disregard for, that falsity." *Corey v. Pierce County*, 154 Wn. App. 752, 762, 225 P.3d 367 (2010).

As with the defamation claim, the trial court properly dismissed Mr. Fila's false light claim because he has provided no evidence of falsity. Furthermore, he has not provided any evidence that the police knew or even suspected that any of the statements were false or portrayed him in a false light. For both reasons this claim failed. The trial judge correctly dismissed the contention.

The trial court properly granted summary judgment to the defendants. That order is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____          _____
Fearing, J.          Siddoway, C.J.

15