**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN O. PETERSEN, on behalf of L.P., a minor and beneficiary and as Personal Representative of the estate of Steven V. Petersen, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> LEWIS COUNTY, a political subdivision of the State of Washington; MATTHEW MCKNIGHT, <br><br> Defendants-Appellees. | No.  14-35201 <br><br> D.C. No. 3:12-cv-05908-RBL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted September 2, 2016
Seattle, Washington

Before:  HAWKINS, McKEOWN, and DAVIS,[**] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Steven Petersen appeals the district court's grant of Lewis County's ("the County") and Matthew McKnight's motion for summary judgment on qualified-immunity grounds in Petersen's 42 U.S.C. § 1983 lawsuit arising from the shooting of his son. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the grant of summary judgment. *See Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir. 2001). We affirm in part, reverse in part, and remand.

The district court correctly found that there were material factual disputes regarding the reasonableness of McKnight's actions as to Petersen's excessive force claim. However, viewing the facts in the light most favorable to Petersen, even if McKnight had reasonable suspicion to stop Petersen's son under *Terry v. Ohio*, 392 U.S. 1 (1968), McKnight did not have probable cause to use deadly force and therefore acted in violation of clearly established law. *See Blanford v. Sacramento Cty.*, 406 F.3d 1110, 1119 (9th Cir. 2005) (noting that, by 2000, reasonable officers would be on notice that using deadly force "required probable cause (supported by objectively reasonable facts) to believe that [a plaintiff] posed a threat of serious physical harm" to the officers or others); *see also A.K.H. v. City of Tustin*, —F.3d—, 2016 WL 4932330, at *6 (9th Cir. 2016) (relying on *Tennessee v. Garner*, 471 U.S. 1 (1985), as clearly established federal law when

2

affirming the denial of qualified immunity in a deadly shooting case). In citing the absence of clearly established federal law, the district court therefore erred in granting qualified immunity to McKnight on the excessive force claim.

The district court appropriately granted summary judgment to the County on Petersen's municipal liability claim. Petersen failed to present evidence that any of the County's policies were a "moving force" behind the shooting. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Additionally, Petersen failed to identify deficiencies in McKnight's training that establish a showing of deliberate indifference. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("[A] municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (alteration in original))).

Likewise, the district court appropriately granted summary judgment to the County and McKnight on Petersen's substantive due process claim because he failed to show that McKnight's actions "shock[] the conscience." *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (outlining the standard for executive action that violates substantive due process).

However, summary judgment should not have been granted for McKnight on the state-law negligence claim because the reasonableness of McKnight's actions raises factual issues that should be left to a jury. *Gallegos v. Freeman*, 291 P.3d 265, 277 (Wash. Ct. App. 2013) ("An officer is entitled to state law qualified immunity where the officer (1) carries out a statutory duty, (2) according to procedures dictated to him by statute and superiors, and (3) *acts reasonably*." (emphasis added) (internal quotation marks and citations omitted)). The public duty doctrine does not bar Petersen's claim because "[t]he [public duty] doctrine provides only that an individual has no cause of action against law enforcement officials for failure to act. Certainly if the officers do act, they have a duty to act with reasonable care." *Coffel v. Clallam Cty.*, 735 P.2d 686, 690 (Wash. Ct. App. 1987). Therefore, summary judgment was also improperly granted for the County on Petersen's vicarious liability claim. *See LaPlant v. Snohomish Cty.*, 271 P.3d 254, 256 (Wash. Ct. App. 2011) (holding that a county may be vicariously liable for officers' negligent actions taken within the scope of their employment).

Finally, the district court appropriately granted summary judgment for the County on Petersen's state-law claims for failure to train and negligent supervision because there is no indication that McKnight acted outside the scope of his employment. *Id.* at 257 ("Under Washington Law, . . . a claim for negligent hiring,

training, and supervision is generally improper when the employer concedes the employee's actions occurred within the course and scope of the employment.").

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**